## *Wayne Circuit.*

### HENRY MICHAELS ET. AL.,

#### VS.

### SAMUEL SCHOTT.

*Service of Process—Rights of Non-Resident Witnesses.*

A witness from another State is not subject to arrest or service of process in a civil suit while in attendance as a witness, and while going to and returning from the court in which he gives testimony.

Motion to set aside service of civil process.

By the Court, JENNISON J.: The parties making this motion were citizens of New York, and came to Michigan for the sole purpose of giving testimony voluntarily in a cause then pending in a Michigan court. Before being excused from attendance as witnesses, the defendant caused civil process to be served upon them.

The motion is made to set aside the service of said process on the ground of privilege. It is resisted for the reason that the language of our statute extends the benefit of privilege to cases of arrest only and not to the mere service of civil process. The statute provides that "every person * * * duly subpœnaed as a witness to attend any court * * * shall be exonerated from arrest in any civil suit while going to the place where he shall be required to attend. while remaining in attendance as such witness, and while returning therefrom." 2 Comp. Laws, Section 5919.

The question then arises, Does the said provision

limit the power of the court to interfere? In some of the earlier cases it is said that the privilege of the witness was not considered the privilege of the person attending, but that of the court which he attends.   2 Wm. Black, R. 1190.

In Matthews vs. Tuffts, 87 N. Y. court of appeals, p. 568, the court in a unanimous opinion held ''that a summons could not be served upon a non-resident of the State while attending court as a party or witness; that the immunity does not depend upon statutory provisions, but is deemed necessary for the due administration of justice.''

In Person vs. Grier, 36 N. Y., Rep. 124, the question was directly raised under a statute similar to ours, and after full discussion the court asserted the broad doctrine that non-resident witnesses and parties while in attendance at court and returning home were privileged from the service of any process (based on causes of action arising prior to coming into the State where such court was held), and that such was the weight of authority, citing numerous cases.

*In re* Healy, 53 Vermont, 694, a leading case on the subject, the same doctrine was maintained under a statute like ours.

The decisions of the federal courts are also quite pronounced on the subject.   See Bridges vs. Sheldon, 7 Fed. Rep., 43; Atchison vs. Morris, 11 Id., 582; Larned vs. Griffin, 12 Id., 590; Nichols vs. Huton, 14 Id., 329.

In Nichols vs. Huton, the United States Circuit Judge says that though this rule of privilege from service of any process on non-residents of other States came into existence when a defendant might be arrested on civil process; and while that fact had much to do with that rule, yet it was not the only reason for its adoption.

In Atchison vs. Morris, *supra*, United States Circuit Court Judge Drummond said that while it may be going very far to extend the privilege of personal protection to non-resident witnesses in their attendance on the courts and returning home, yet a witness from another state who is required to attend a court should feel that he is not subject either to arrest or the prosecution of a civil suit; that he may be a debtor to various parties in the jurisdiction where he is required to attend, and might be deterred from going to testify through fear of suits. And it is because testimony given by a witness in open court is considered so much more valuable than any other kind of testimony by a witness, that the courts have been so liberal in extending his privilege.

See also 38 Amer. rep. and note; 24 Alb. L. J, 134-529, and 25 Alb. L. J. 424-444, for full citations of authorities.

The case of Rorebacker, 15 Mich., 537, was cited by defendant's counsel as establishing a doctrine the reverse of that above stated, but in that case the person served with process resided in the county where the court from which the process issued was held. It is true that the court intimated that the rule of

privilege extended only to cases of arrest, still, in view of the weight of authority, and as the facts did not require the expression of any opinion upon the point in question, the decision must be considered as applying to the facts of that case.

The motion must be granted with $10 costs.

*H. C. Wisner* for the motion.

*Levi T. Griffin* contra.

(March 5, 1883.)