## Dixon and another v. Ely.

A person who comes into this state for the express and sole purpose of giving testimony as a witness in an action at law, even where he has had no *subpœna* to testify served on him after arrival, cannot be taken on a writ of *ne exeat* while waiting to give evidence.

JUDGMENT-CREDITOR's bill against the defendant David J. Ely; and when it was filed, he was a resident of the state of Ohio.

On his coming into the state of New York, he was arrested on a writ of *ne exeat*; and a motion was now made to discharge it, mainly on the ground that he came within this jurisdiction as a witness. It will be sufficient to give an extract from his petition, on which the application was founded : " Your petitioner further shows that he arrived in the city of New York on the twenty-eighth day of September last past, for the purpose of attending the present circuit court now sitting in the said city of New York as a witness in a cause pending in the supreme court of judicature of the people of the state of New York, in which Silas Brown, Andrew A. Brown, Giles S. Ely and George L. Brown are plaintiffs and Zebulon S. Ely is defendant, on the part of the defendant. That your petitioner is informed that such cause is now on the calendar of the said circuit court and is expected to be tried on the fifth day of October instant. That the object of your petitioner in coming to said city of New York was to attend as such witness as aforesaid. That your petitioner came to New York expressly for that purpose ; and that your petitioner would not at this time have come except that your petitioner was earnestly requested so to do by said Zebulon S. Ely and Elias H. Ely of the city of New York, the counsel of said Zebulon S. Ely ; and that your petitioner had no other business to bring him to this city and has not purchased any goods on his own account in said city, but that he has purchased some goods to a trifling amount and executed other commissions for the

*Oct. 8, 1844.*

*Ne exeat. Witness.*

1844.

DIXON
v.
ELY.

accommodation of his friends who had ascertained that your petitioner was on his way to the city of New York and requested him to perform such services and that he has not received and does not expect to receive any compensation for such services.

"Your petitioner further states that he is not interested in any store or other business either at Masillon or elsewhere and that he has not in his possession or under his control any money which belongs to him; that all the money he has with him, which is of very small amount, belongs to the firm of J. & Z. S. Ely or L. S. Ely individually; and was handed to your petitioner to pay his travelling expenses as such witness."

It will be seen that the applicant came from another state to be a witness here. The fact also was, that he had had no subpœna to testify on his arrival within the jurisdiction.

Mr. *E. H. Ely*, in support of the application, relied upon the cases of *Norris* v. *Beach*, 2 J. R. 294 ; *Sanford* v. *Chase*, 3 Cow. Rep. 381 and *Cole* v. *McClellan*, 4 Hill's Rep. 60 and note there.

Mr. *J. McCahill*, for the complainant.

THE VICE-CHANCELLOR, under the circumstances detailed in his petition and the cases cited by his counsel, decided that he was entitled to his discharge :

*Ordered :* That the defendant be discharged from arrest on the *ne exeat respublica* issued in this cause ; and that the bond taken by the sheriff of the city and county of New York thereon be given up to the defendant or his counsel to be cancelled.