JOHN H. HENEGAR, plaintiff in error, vs. JOHN S. SPANGLER, defendant in error.

Suitors are exempted from arrest while going to, attending on, or returning from Court.   Nor does the fact that one of them resides out of the State, and who has had his adversary arrested, under bail process, previously, justify a departure from the practice.

Motion to discharge from custody, in Whitfield Superior Court.   Decision by Judge CROOK, April Term, 1859.

Henegar vs. Spangler.

The parties in this case were both citizens of the State of Tennessee, and each sued the other in the Superior Court of Whitfield County, in the State of Georgia, each requiring bail. Spangler was served and arrested by the Sheriff in the suit against him. Henegar was not arrested at the suit of Spangler against him, but upon his return to Georgia, and while attending this present Term of the Court, as a suitor in his case against Spangler, he was arrested by virtue of the bail process, before sued out by Spangler against him, and he makes this motion to be discharged from said custody and imprisonment, on the ground that being in attendance on the Court as a suitor and party, he is privileged from arrest.

The Court refused the motion, and defendant excepted.

W. H. STANSELL; and J. A. GLENN, for plaintiffs in error·

FREEMAN, *contra.*

*By the Court.*—LUMPKIN J. delivering the opinion.

The common law rule is recognized by the presiding Judge, that ordinarily the law exempts a *party* from arrest while going to, attending on, and returning from Court. But he considered that the circumstances of this case were peculiar, and justified a departure from the usual practice. These litigants were citizens of Tennessee; they met in Georgia; each sued out bail process against the other. Henegar succeeded in having Spangler arrested in vacation, and the Judge thought it but just that Spangler might have Henegar arrested during the Term, where he was in attendance as a suitor.

However right the thing was in itself, and I agree with Judge CROOK that it was so, still, inasmuch the law, as it stands, makes no such distinction, the exception will have to

be grafted upon the common law principle, by the Legislature and not by the Courts.

. We are compelled, therefore, reluctantly to reverse the judgment.

Judgment reversed.