## Ira W. Case v. John Rorabacher.

*Exemption from service of process, without arrest, while in attendance on court.*
There is no general exemption from the service of process without arrest, merely because a party is attending court awaiting the trial of a case.

*Heard July 9th. Decided July 11th.*

Error to Livingston Circuit.

This was an action upon a promissory note.

The defendant filed a plea, in substance, that he was attending the Circuit Court in a suit wherein he was a party defendant, and while in such attendance that the summons in said suit was served upon him; and that

CASE *v.* RORABACHER.

he claimed exemption from the service of such process during such attendance. Plaintiff demurred to the plea. The demurrer was overruled and the plea sustained.

*Norris & Uhl,* for plaintiff in error.

The question presented is, can a suitor in attendance, in the county of his residence, upon a suit then pending and for trial, be served with a summons as commencement of another suit in the same court.

The demurrer was overruled upon the authority of the case of *Lyell v. Goodwin,* 4 *McLean,* 29. This is not a case in point, and if it was, we must be permitted to doubt its authority.

We can find but one case directly in point in favor of the ruling below. — *Hays v. Shields,* 2 *Yeates,* 222, (1797).

A better reasoned case, directly the other way, is found in 1 *Peters C. C.* 222, (1809).

Most of the cases in which the matter is discussed are cases of privilege claimed from arrest. — 4 *Dall.* 388, 107; 40 *Eng. Com. L.* 464; 1 *Dall.* 296; 1 *Binney,* 77; 9 *Serg. & R.,* 150; 1 *Miles,* 237; *Andrews,* 275; 1 *N. J.* 300, (*Pennington*); *Coxes',* 142; 6 *Mass.* 245, 264; 8 *Johns.* 350; 18 *Id.* 520; 4 *Litt.* 123; 2 *Wend.* 586.

It would seem that suitors have been, and would be, sufficiently well protected by restraining their arrest, and that the simple reading of a summons, inviting their attendance, by attorney, some weeks thereafter, is not a very formidable breach of their privilege, nor a dangerous contempt of court.

*O. Hawkins,* for defendant in error.

CAMPBELL J.

Rorabacher, the defendant in error, having been sued by service of summons, pleaded in abatement that at the time

CASE v. RORABACHER.

of service he was attending court as a party to another law suit which had been noticed for trial at. that term, and he therefore claimed privilege from such process. This plea was demurred to, and the demurrer was overruled,. and error is brought upon that decision.

We are not prepared to say that cases may not exist where a party to a suit may be entrapped into attendance for vexatious purposes, and where service of process may not be an. abuse to be relieved against. But we think any general exemption from service of process without arrest, merely because a party is attending court awaiting the trial of a cause, is unauthorized by any settled rule of law, and is not required by public policy. We do not feel called on to enlarge personal immunity to such a needless extent, and we can conceive of no legal principle which demands it. Privilege from legal process is, in general, only needed in cases where an arrest is allowed, and where, therefore, service of process directly interferes. with liberty of action. There were at Common Law some privileges also against being sued except in particular courts, and some arising out of peculiar official duties or relations. It is very certain, however, that under our non-imprisonment system very few of these privileges are required for any legitimate purpose, and we think it would be improper to extend them by any supposed analogies, when so much of their reason has ceased to exist.

We think the demurrer should have been sustained, and the judgment must be reversed with costs, and the defendant must plead .over within twenty days.

CHRISTIANCY and COOLEY JJ. concurred.

MARTIN Ch. J. did not sit.