YANCY BALLINGER v. STEPHEN ELLIOTT.

A citizen of another State, voluntarily attending one of our Superior
Courts as a witness, is privileged from arrest in civil cases although
no subpœna has been served on him.

MOTION to vacate an order of arrest, heard by his Honor,
Judge *Tourgee*, at Chambers in GUILFORD county, on the 25th
day of January, 1875.

The defendant lived in Indiana, and had come to Greens-
boro', at the request of counsel to give evidence in a certain
action then pending in the Superior Court of Guilford, wherein

Hittle was plaintiff, and Ballinger, the plaintiff in this action, was defendant.  He, the defendant Elliott, was under no subpœna, summons or other judicial process requiring his attendance, nor was any ever issued.

The plaintiff had commenced a civil action against the defendant, and obtained an order of arrest, under which he was held to bail four days before the commencement of the Fall Term of the Court, for his appearance, &c., at the March Term ensuing.

The defendant soon after his arrest, moved before the Clerk of the Court to vacate the order, upon the ground that he was a witness in attendance upon the Fall Term of the Court, in the action above stated, and was therefore protected under the law from the service of civil process.  The Clerk refused his motion to vacate the order, and the defendant appealed to his Honor.

On the hearing at Chambers, his Honor reversed the Clerk's order, and the plaintiff appealed.

*Scott & Caldwell, Scales & Scales, Mendenhall & Staples,* and *Shipp & Bailey,* for appellant.
*J. T. Morehead, Jr.,* and *Dillard & Gilmer,* contra.

RODMAN, J.  The defendant was arrested upon an order made by the Clerk of the Superior Court of Guilford county, in an action brought against him by the plaintiff for deceit, &c.  The defendant resides in Indiana, and at the time of his arrest, which was a few days before a term of the Superior Court of said county, he had come to said county at the request of one Hittle, who was a plaintiff in an action pending in that Court against the present plaintiff (Ballinger,) as a witness for Hittle in that action.  His attendance was voluntary, and he was not served with a subpœna after his arrival in Guilford county.

The authorities cited for the defendant establish that he was privileged from arrest, notwithstanding he was attending vol-

untarily and not under a *subpœna*. There is no way to compel the attendance of witnesses from other States, and it would be against public policy, and to discourage their attendance, if upon their arrival here they could be arrested. The plaintiff is put in no worse condition by the discharge of the defendant than he was before. The principal authorities on the privilege of witnesses, suitors, &c., from arrest may be found cited in 1 Greenl. Ev., sec. 316. Those most to the point in the present case are *Walpole* v. *Alexander*, 3 Doug., 45, (26 E. C. R.,) and *Norris* v. *Beach*, 2 Johns., (N. Y.) 294.

PER CURIAM.    Judgment of the Superior Court affirmed.