### EDWARD THOMPSON'S CASE.

Suffolk.    April 3. — 5, 1877.    AMES & ENDICOTT, JJ., absent.

An inhabitant of another state, who comes into this Commonwealth solely for the purpose of voluntarily appearing before a joint committee of the Legislature, to present and testify to a claim of his against the Commonwealth, and with the intention of returning home without unnecessary delay, is privileged from arrest on civil process, while so attending and returning.

A person, who, while attending a legislative committee, is arrested, in violation of privilege, upon an execution issuing from this court, may be discharged on habeas corpus.

HABEAS CORPUS. At the hearing before *Colt*, J., it appeared that the petitioner, a resident of Charlestown, in the State of New Hampshire, was arrested on March 20, 1877, and was now held, by a deputy of the sheriff of Suffolk, upon an execution issued upon a judgment of this court against him, in favor of a citizen of the Commonwealth, while he was in attendance as a witness in his own behalf before a joint committee of the Legislature, having petitioned for the allowance of a claim made by him against the Commonwealth; that his claim had been presented to the committee, and was under discussion on that day while he was present; that its further consideration had been adjourned to March 22, 1877; and that as he was leaving the state-house, and after he had got into the street, he was arrested on the execution. It also appeared that the petitioner had not been summoned as a witness, but the judge found that he was in attendance in good faith, solely for the purpose of presenting and proving his claim, and with the intention of returning home without unnecessary delay.

The petitioner contended that he was exempt from arrest and was entitled to his discharge. The judge admitted the petitioner to bail, and reserved the case for the consideration of the full court.

*J. A. Loring & C. F. Choate,* for the petitioner.

*A A. Ranney & I. R. Clark, contra.*

GRAY, C. J. Parties and witnesses, attending in good faith any legal tribunal, whether a court of record or not, having power to pass upon the rights of the persons attending, are privileged from arrest on civil process during their attendance, and for a reasonable time in going and returning, whether they are residents of this state or come from abroad, whether they attend on summons or voluntarily, and whether they have or have not obtained a writ of protection. *Walpole* v. *Alexander,* 3 Doug. 45. *Meekins* v. *Smith,* 1 H. Bl. 636. *Arding* v. *Flower,* 8 T. R. 534. *Spence* v. *Stuart,* 3 East, 89. *Ex parte Byne,* 1 Ves. & B. 316. *Persse* v. *Persse,* 5 H. L. Cas. 671. *M'Neil's case,* 6 Mass. 245. *Wood* v. *Neale,* 5 Gray, 538. *May* v. *Shumway,* 16 Gray, 86.

The Constitution of the Commonwealth declares that the House of Representatives shall have authority to punish by imprisonment every person who shall assault or arrest any witness or other person ordered to attend the house, in his way in going or returning ; and that the Senate and House of Representatives may try and determine all cases, which by the Constitution they have authority to try and determine, by committees of their own members, or in such other way as they may respectively think best. Const. Mass. *c.* 1, § 3, arts. 10, 11. It is provided by statute that senators and representatives, acting as members of a committee of the Legislature, may administer oaths to persons examined before the committee. Gen. Sts. *c.* 2, § 20. Each house may exercise the power of summoning witnesses, and of examining witnesses so summoned, or who voluntarily appear, by means of committees, and may punish such witnesses, as for a contempt, if they refuse to testify. *Burnham* v. *Morrissey,* 14 Gray, 226. And there can be no doubt that the privilege from arrest of parties and witnesses, attending either house or its committee, is the same as of those attending any strictly judicial tribunal. Cush. Parl. Law, §§ 997, 998.

The claim of the petitioner against the Commonwealth could not have been the subject of a suit in any court, but could only be tried and determined by the Legislature; and the justice of this court, to whom the petition for this writ of habeas corpus was presented, has found that the petitioner was a resident of another state, and was in attendance on the legislative committee in good faith, solely for the purpose of presenting and testifying to his claim, and with the intention of returning home without unnecessary delay, and that, immediately upon leaving the state-house, he was arrested on an execution issued from this court, upon a judgment against him in a civil action.

Each house of the Legislature doubtless has power to protect parties and witnesses attending before the house or its committees, by ordering their discharge from arrest, just as any court of record may order the discharge of a person unlawfully arrested while in attendance upon the court, or upon a commissioner or arbitrator acting under its authority.    May's Law of Parl. (6th ed.) 147 & seq.    Cush. Parl. Law, § 999.    Meynel v. Cooper, 1 Ch. Rep. 217.    Walters v. Rees, 4 Moore, 34.    Rishton v. Nisbett, 1 Mood. & Rob. 347.    Hurst's case, 4 Dall. 387.    Norris v. Beach, 2 Johns. 294.    United States v. Edme, 9 S. & R. 147.  M'Neil's case, 3 Mass. 288.

But it is equally within the power of the court, out of which the process issues, to discharge, on motion, a person arrested by abuse of that process.    Pitt's case, Fortescue, 159, 163, 164; S. C. 7 Mod. 225, 230; Cas. temp. Hardw. 37, 41; Cunningham, 16, 27; 2 Stra. 985, 990.    Walker v. Webb, 3 Anstr. 941. Selby v. Hills, 8 Bing. 166; S. C. 1 Mo. & Sc. 253.    Attorney General v. Skinners' Co. Coop. Pract. Cas. 1.    Bours v. Tuckerman, 7 Johns. 538.    Or any one arrested in violation of privilege may, like any other person unlawfully imprisoned or restrained of his liberty, be discharged by this court, or by any justice thereof, in the exercise of the general power to issue writs of habeas corpus.    Gen. Sts. c. 144, §§ 1–5.    St. 1861, c. 91, § 1.    Com. Dig. Privilege, A. 3.    Ex parte Tillotson, 1 Stark. 470.    Ex parte Dakins, 16 C. B. 77.    Wood v. Neale, 5 Gray, 538.    May v. Shumway, 16 Gray, 86.

As it does not appear that either house of the Legislature is exercising its authority to the same end, it is the duty of the court to order that the petitioner be

*Discharged from custody.*