THE PEOPLE EX REL. CHARLES A. WATSON v. JUDGE OF SUPERIOR COURT OF DETROIT.

*Affidavit for arrest—Privilege from arrest—Abuse of process.*

An affidavit for arrest on civil process is *prima facie* sufficient if it tends to show that the defendant had bought goods without intending to pay for them, and knowing himself to be insolvent at the time, or fraudulently intending to give his affairs the appearance of insolvency.

A motion for the discharge of a prisoner is a suitable proceeding for the avoidance of his arrest.

The arrest of a person privileged from arrest by reason of his being on the way to or from court is not void, but voidable.

Privilege from arrest while going to or from court exists in the case of all proceedings of a judicial nature whether in court or not, and protects a person going to or from a place of confinement under a former arrest.

Privilege from arrest while attending court is primarily for the benefit of the person privileged, and not simply for the dignity of the court.

If the process of a court is used in contempt of its authority or to the prejudice of its proceedings, it may be safely left to that court to assert its dignity and redress the wrong; but if a court allows its process to be abused to the injury or oppression of any person, any other court of competent authority should interfere for his protection.

One who is arrested on civil process from a federal court has the right to give appearance bail to the marshal in the county where he lives, but if he does not know that he can do so, and goes under arrest to the place where the process is returnable, his presence there is compulsory.

40 MICH.—92.

A person arrested on the civil process of a federal court was taken to the place of holding court, and being thus brought within the jurisdiction of a local court, was arrested on civil process issuing therefrom, after he had been released from the first arrest, but before he could leave the place. *Held* that he was entitled to be discharged.

MANDAMUS to compel the Superior Court of Detroit to vacate an order overruling a motion for the relator's discharge from arrest. The facts are in the opinion. Submitted April 22. Granted April 25.

*H. C. Wisner* for the writ.

*Don M. Dickinson* against.

COOLEY, J. The relator was arrested in the county of Oakland on process issuing out of the circuit court of the United States for the eastern district of Michigan, in a civil suit brought by Marshall Field and others, and taken to the city of Detroit, in Wayne county, where he gave the usual appearance bail to the marshal and was discharged. He was thereupon immediately arrested again on civil process issuing out of the Superior Court of Detroit at the suit of other plaintiffs, and gave appearance bail to the sheriff. Subsequently he was surrendered in exoneration of his bail to the sheriff, and then moved in the Superior Court for discharge from the arrest on the process of that court. The grounds of the motion were, *first*, that the affidavits for the arrest were insufficient; and *second*, that the arrest was made in disregard of a privilege from arrest to which the relator was then entitled. The motion was overruled.

I. We are all satisfied that the affidavits for arrest made out a sufficient *prima facie* case, and that relator was not, on that ground, entitled to a discharge. The suit was brought for the value of goods sold and delivered to a copartnership of which relator was a member, and the evidence of the affidavits strongly tended to show that the purchase was made without the intention to pay

for the goods, and with the knowledge that the purchasers were either at the time insolvent or that they proposed fraudulently to give to their affairs the appearance of insolvency.

II. The question of privilege has been ably presented and argued in this court. It is admitted that the relator would not have been within reach of the process of the Superior Court of Detroit had he not been brought within the city by the United States marshal, but as under the law he had the legal right to give bail to the marshal in the county of his residence, it is argued that his going with the officer to Detroit must be regarded as voluntary. But it does not appear that the marshal informed the relator of this fact, and it is not probable that he was aware of his rights in that regard. It appears very evident that the moving parties in the last mentioned suit did not expect he would be relieved from his arrest in Oakland county, for the affidavits show that while the marshal was gone to make the arrest their attorneys were engaged in preparing elaborate papers for relator's arrest in Detroit, on process which could be served in that city only, and the inference is irresistible that they anticipated his being brought there. We do not, however, base our conclusion on that fact. It is sufficient that relator was brought into the city of Detroit under arrest on process which was returnable within that city, and that he was under the necessity of accompanying the officer to the place of return unless he should sooner succeed in obtaining bail, and that this may or may not have been within his power. His presence in Detroit must consequently be considered compulsory.

In support of the action of the court below in refusing to discharge the relator the following positions are taken:

*First*, It is said that, conceding that defendant was privileged from arrest, still the arrest was not void, but only voidable. This is true. *Fletcher v. Baxter*, 2 Aik. (Vt.), 224; *Sperry v. Willard*, 1 Wend., 32; *Fox v. Wood*, 1

Rawle, 143; *Wilmarth v. Burt*, 7 Met., 257; *Waterman v. Merritt*, 7 R. I., 345. But a motion for a discharge is a very suitable proceeding for avoiding it.

*Second*, It is urged that the privilege only extends to persons going to, attending upon or returning from a court; and that as the relator must be considered as going at the time to or from a place of confinement under the process of arrest, he was not within the privilege. Our attention is called to no authority which thus restricts it. There is no doubt whatever that the privilege exists in the case of all proceedings in their nature judicial, whether taking place in court or not. *Fletcher v. Baxter*, 2 Aik. (Vt.), 224; *Sanford v. Chase*, 3 Cow., 381; *Clark v. Grant*, 2 Wend., 257; and in *Rimmer v. Green*, 1 M. & S., 638, it was very justly recognized in the case of bail attending for the purpose of justification. In *Commonwealth v. Hawes*, 13 Bush, 697, where the privilege was allowed in the case of one brought within the jurisdiction on process of extradition, it is clearly shown that the reason of the privilege must determine its extent; and the reason applies as forcibly to the facts of this case as it would if relator had been brought to Detroit to attend upon a trial of his case upon the merits.

*Third*, It is said that the question whether the privilege should be recognized and protected was one addressing itself exclusively to the Superior Court, under whose process the arrest was made; and that court having declined to recognize it, no other court should interfere.

If the question were merely whether the process of the Superior Court had not been employed in contempt of its authority, or to the prejudice of proceedings therein, it might no doubt be safely left to that court to assert its proper dignity and redress any wrong which had been committed. *Commonwealth v. Hambright*, 4 S. & R., 149. But the privilege in this case arises not under the process of the Superior Court, but under that of the Federal court, and the latter, if either, is the court that on its own account would be interested in protecting the privi-

lege. But we cannot agree that an appeal to the federal court for a discharge of the relator on *habeas corpus* was the sole remedy. The privilege does not concern the dignity of the court merely, but it is primarily and above all conferred for the just protection of the party himself, in order that the performance of a duty, or the submission to process which the party cannot resist, shall not be made use of to his injury or oppression. If any court were disposed to suffer its own process to be employed for such a purpose, any other court with competent authority should interfere to correct the wrong. *United States v. Edme*, 9 S. & R., 147; *Magnay v. Burt*, 5 Q. B., 381; *Henegar v. Spangler*, 29 Geo., 217. Otherwise a local court, taking advantage of the enforced presence of officers, parties or witnesses in attendance upon the general courts located within its territorial jurisdiction, might permit parties to subject others to its authority in plain disregard of the statutory limitations upon it. It is for the protection of the party that we interfere in this case, that he may not be unwarrantably forced to a trial in a local court to whose process he was not properly subject.

The writ of mandamus will issue as prayed.

The other Justices concurred.