WILLIAM MITCHELL v. HURON CIRCUIT JUDGE.

*Summons while outside the jurisdiction—Mandamus.*

| | |
|---|---|
| 53 | 541 |
| 73 | 501 |
| 53 | 541 |
| 113 | 110 |
| 53 | 541 |
| 125 | 285 |
| 125 | 289 |

1. Mandamus lies to set aside the service of a summons if made upon one who at the time is outside of the jurisdiction in which he lives, and is there for the sole purpose of attending as a necessary witness in other cases.

2. Costs are not allowed on issuing mandamus if no intentional wrong on respondent's part is charged or appears.

Mandamus. Applied for April 22. Granted April 30.

*T. A. E. Weadock* for relator. Protection from process extends to all who have relation to another suit that calls for their attendance: *Meekins v. Smith* 1 H. Bl. 636; while compelled to attend, or present voluntarily: *Walpole v. Alexander* 3 Doug. 45; *Larned v. Griffin* 12 Fed. Rep. 590; *Dungan v. Miller* 8 Vroom. 182; 1 Greenl. Ev. § 436; this immunity extends to parties as well as witnesses; *Persons v. Grier* 38 Am. Rep. 111: *In re Healey* id. 711; *Nichols v. Horton* 14 Fed. Rep. 329; *M'Neil's Case* 3 Mass. 288; *Bridges v. Sheldon* 7 Fed. Rep. 36; and is not confined to non-residents: *Wetherill v. Seitzinger* 1 Miles 237.

COOLEY, C. J. The relator resides at Bay City in the county of Bay. He was a party to two suits pending in the county of Huron, and went to Bad Axe to attend on the trial thereof. He was examined as a witness in one of the causes and the other was continued. He makes oath that he was a necessary witness in the two cases, and attended the

court for the sole purpose of giving his evidence. While so in attendance he was served with a summons in another case. He applied to the court on a showing of the facts to set aside the service, but the application was refused. He now moves in this Court for a writ of mandamus.

We think the case is within the principle of *Watson v. Judge of Superior Court* 40 Mich. 729 and that the writ should issue. Public policy, the due administration of justice, and protection to parties and witnesses alike demand it. There would be no question about it if the suit had been commenced by arrest; but the reasons for exemption are applicable, though with somewhat less force, in other cases also. The following cases may be referred to for the general reasons: *Norris v. Beach* 2 Johns. 294; *Sanford v. Chase* 3 Cow. 381; *Dixon v. Ely* 4 Edw. Ch. 557; *Clark v. Grant* 2 Wend. 257; *Seaver v. Robinson* 3 Duer 622; *Person v. Grier* 66 N. Y. 124; *Matthews v. Tufts* 87 N. Y. 568; *Hall's Case* 1 Tyler 274; *In re Healey* 53 Vt. 694; *Miles v. M'Cullough* 1 Binn. 77; *Halsey v. Stewart* 4 N. J. L: 366; *Dungan v. Miller* 37 N. J. L. 182; *Vincent v. Watson* 1 Rich. Law 194; *Sadler v. Ray* 5 Rich. Law 523; *Martin v. Ramsey* 7 Humph. 260; *Dickenson's Case* 3 Harr. (Del.) 517; *Henegar v Spangler* 29 Ga. 217; *May v. Shumway* 16 Gray 86; *Thompson's Case* 122 Mass. 428; *Ballinger v. Elliott* 72 N. C. 596: *Parker v. Hotchkiss* Wall. C. C. 269; *Juneau Bank v. McSpedan,* 5 Biss. 64; *Arding v. Flower* 8 Term 534; *Newton v. Askew* 6 Hare 319; *Persse v. Persse* 5 H L. Cas. 671. See also *Matter of Cannon* 47 Mich. 481.

The case of *Case v. Rorabacher* 15 Mich. 537 is different. In that case the party claiming the privilege was attending court within the jurisdiction of his residence.

The writ must issue, but as no intentional wrong is charged or appears it will be without costs.

The other Justices concurred.