## Ex parte SCHULENBURG.

*(Circuit Court, E. D. Michigan. July 13, 1885.)*

CONTEMPT—GARNISHMENT OF WITNESS ATTENDING FEDERAL COURT.

Petitioner, while in attendance upon the federal court as a witness, was served with a writ of garnishment from a state court. *Held*, that the plaintiff in such writ could not be restrained from proceeding in the state court, nor be punished as for a contempt of the federal court.

This was a petition for the protection of this court against the alleged unlawful service of process from the superior court of Detroit. The petition set forth, in substance, that petitioner was a citizen of Missouri, and a resident of St. Louis; that, being a party defendant in a suit in this court, he received word from his attorney that his case would be tried on June 9th, and in compliance with this notice he left his home and came to Detroit for the express and only purpose of attending upon the trial of said case, and as a material witness in his own behalf; that on the tenth of June the trial began, and continued until the 23d; that on the said tenth of June, while said trial was in progress, and as petitioner was proceeding from the court-room at the noon recess to his boarding-place, he was served with a writ of garnishment from the superior court of Detroit, in a suit wherein one Cuddy was plaintiff and one Sarah Horn was defendant; that petitioner thereupon applied to the court to set aside said process on the ground that he was privileged from such service, which application was refused. His prayer was for the "protection of this court in that regard, and that the said Cuddy, his agents and attorneys, may be ordered to cause the service of said writ to be set aside, and that they may be restrained from proceeding or taking any steps against petitioner based upon such service, and that petitioner may have such other and further relief in the premises as shall seem proper."

*H. C. Wisner,* for petitioner.

BROWN, J. This is a renewal of an application made to this court for protection against the service of a writ of garnishment from the superior court of Detroit. The first application was made shortly after the service of the writ, and was denied by Mr. Justice MATTHEWS

and myself upon the ground of comity; in other words, that we ought not to entertain the application until the petitioner had exhausted his remedy in the state court. No opinion was expressed upon the merits of the question involved. Petitioner's motion to set aside the service of the writ having been denied by the state court, he now renews his petition for an order restraining Cuddy from proceeding further, and for an attachment for contempt.

The unusual character of this petition has induced me to examine with considerable care the cases which are supposed to authorize this interference with the proceedings of a court of co-ordinate jurisdiction. The earliest case in this country is that of *Ex parte Hurst,* 1 Wash. C. C. 186, in which it appeared that Hurst had come from his residence in New York to attend the trial of a case in the circuit court for the district of Pennsylvania, in which he was a party; that after his arrival he had also been subpoenaed as a witness in another case upon the docket of the same court; and that while he was at his lodgings he was arrested under an execution from the supreme court of Pennsylvania. Upon these facts his counsel moved that he be discharged from the custody of the sheriff. Mr. Justice WASHINGTON found that he was privileged from arrest, and discharged him. I have no criticism to make of this case. Indeed, it was the constant practice of the district courts sitting in bankruptcy to discharge from the custody of state officers bankrupts who had been arrested in violation of section 5107, exempting the bankrupt from arrest in any civil action during the pendency of the proceedings in bankruptcy. *In re Kimball,* 1 N. B. R. 193; *In re Jacoby,* Id. 118; *In re Glaser,* Id. 336; *In re Wiggers,* 2 Biss. 71; *Norris* v. *Beach,* 2 Johns. 294; *Bours* v. *Tuckerman,* 7 Johns. 538; *Sanford* v. *Chase,* 3 Cow. 381. Had the petitioner in this case been arrested by process from the state court while in attendance upon this court as a party or witness, the question would have been squarely presented whether another court would have the right thus to deprive this court of his testimony, and to interfere to that extent with the conduct of our business. Two cases in Pennsylvania seem to be in direct conflict upon this point. *Com.* v. *Hambright,* 4 Serg. & R. 150; *U. S.* v. *Edme,* 9 Serg. & R. 147.

In *Parker* v. *Hotchkiss,* 1 Wall. Jr. 269, Hotchkiss, the defendant, who was a non-resident, was attending the federal court as a party interested in a suit brought by Parker. Parker, having been non-suited, issued a summons upon the same day, and served it upon Hotchkiss at his lodgings. The service was set aside as a violation of his privilege; the only question discussed being whether the privilege extended to writs of summons as well as to writs of *capias.* There was nothing exceptional in this application, since it is a matter of every-day occurrence for courts to set aside service of their own process in favor of a privileged party. *Person* v. *Grier,* 66 N. Y. 124; *Matthews* v. *Tufts,* 87 N. Y. 568; *Halsey* v. *Stewart,* 4 N. J. Law,

366; *Mountague* v. *Harrison*, 3 C. B. (N. S.) 292; *Henegar* v. *Spangler*, 29 Ga. 217; *Miles* v. *McCullough*, 1 Bin. 77.

In re *Healey*, 53 Vt. 694, was a case similar to the one under consideration, except that the process was issued by a justice of the peace against a party to a suit in a county court of Vermont. The court held that if the writ had been made returnable to the county court while the former case was pending, it would have been dismissed on motion, and that as the court could not exercise authority directly over the justice's case, it ought to apply the only remedy left, which was to punish the plaintiff in the justice's court for contempt. This is the strongest case to which our attention has been called. At the same time, as both courts acted under the same sovereignty, the case did not present the difficulties which we have encountered here.

In *Bridges* v. *Sheldon*, 7 Fed. Rep. 17, 42, the defendant in a suit pending in the circuit court for the district of Vermont was notified that depositions would be taken under an order of a master in chancery at Keokuk, in the state of Iowa. Pursuant to this order and notice, the defendant went to Keokuk for the purpose of attending the taking of the depositions, and was there served with a summons from a state court of Iowa in favor of the same plaintiff. On returning to Vermont he filed a motion for attachment as for contempt, to which the plaintiff appeared, and admitted bringing the suit there. The court did not hold him in contempt, but ordered that the proceedings in his case in Vermont be stayed until evidence of the discontinuance of the Iowa suit was filed. I should not question for a moment the entire propriety of such an order. In *Watson* v. *Superior Court of Detroit*, 40 Mich. 729, a defendant in a suit pending in this court was arrested by the marshal of this district and brought to Detroit, where he gave the usual appearance bail, and was discharged. He was thereupon immediately arrested again on civil process issued out of the superior court of Detroit, at the suit of other plaintiffs. A motion for his discharge in the superior court was denied, and he applied to the supreme court for a *mandamus* to vacate the order, which was granted. In delivering the opinion Mr. Justice COOLEY remarked that the privilege arose, not under the process of the superior court, but under that of the federal court; and the latter, if either, was the court which on its own account would be interested in protecting the privilege. "But we cannot agree that an appeal to the federal court for the discharge of the relator on *habeas corpus* was the sole remedy." This *dictum* is undoubtedly authority for the ruling that was made in *Ex parte Hurst*.

The difficulty in this case, however, arises from the statutes of the United States, one of which (section 720) inhibits injunctions to stay proceedings in any court of a state except in bankruptcy cases, and the other of which (section 725) limits our jurisdiction in cases of contempt to misbehaviors of any person in the presence of the court, or so near thereto as to obstruct the administration of justice, the mis-

behavior of officers in their official transactions, and disobedience to the lawful writs, processes, orders, rules, decree, or commands of these courts. Now, while this, in terms, is not a petition for an injunction, the petitioner does pray for an order restraining Cuddy from proceeding or taking any steps against the petitioner based upon the service of the process from the superior court, and for general relief. I take it that the words "writ of injunction" used in section 720 would include every process or order, irrespective of its form, the office of which is to stay proceedings in the state court. Even if petitioner should waive this portion of his relief and proceed only for a contempt, he would be seeking to accomplish indirectly the same purpose. I know of but two exceptions to the general rule contained in section 720,—one being of cases in bankruptcy, and the other of cases arising under the limited liability act.

But again, conceding that the service of the writ of garnishment was a contempt at common law, (and this was the ruling in *Cole* v. *Hawkins*, Andrews, 275, and in some other cases,) I doubt seriously whether it is a misbehavior in the presence of the court or so near thereto as to obstruct the administration of justice. Clearly it falls within no other clause of section 725. These words seem to me to refer rather to riotous or unseemly conduct in the court-room, or in such immediate proximity thereto as to interrupt the sessions of the court or the orderly conduct of business therein, and not to embrace constructive contempts of its authority.

But there is still another ground upon which application should be refused. The petitioner has a complete and adequate remedy, not only by application to the supreme court of the state for a writ of *mandamus* to vacate the order of the superior court, but by writ of error to the supreme court of the United States. *Watson* v. *Judge Super. Ct.*, 40 Mich. 729; *Mitchell* v. *Huron Circ. Judge*, 53 Mich. 541; S. C. 19 N. W. Rep. 176.

In this abundance of remedies I should refuse, even if this were a matter of discretion, to take a step which would be so likely to lead to an unseemly conflict of authority. The motion is therefore denied.