HIRAM J. PALMER, PLAINTIFF IN ERROR, V. ABRAHAM ROWAN AND WILLIAM BELCHER, DEFENDANTS IN ERROR.

1. **Party Under Indictment in County other than his Residence, not Liable to Civil Action there.** A party who is charged with a criminal offense in a county other than that in which he resides, and who has given bail for his appearance at the next term of the district court of such county, and who in pursuance of such bail, attends said court at the time and place stated, and who upon the trial is discharged, is not liable to be served in such county with process in a civil action until after a reasonable time has elapsed to enable him to return to his home.

2. ———. The immunity is not confined to witnesses, but extends also to parties.

Error to the district court for Hall county. Tried below before Norval, J.

*Thummell & Platt*, for plaintiff in error.

*O. A. Abbott*, for defendants in error.

Maxwell, Ch. J.

The plaintiff sued defendants on a promissory note for the sum of $530, executed and delivered by them to plaintiff in the city of Grand Island, county of Hall. The case was filed in the county court on the 7th day of September, 1885, summons issued and delivered to the officer to serve, returnable on the first Monday of October, 1885, or on the first day of the next term of the county court of said county.

The defendants were under indictment to appear and answer at the September, 1885, term of the district court of said county, to-wit: September 8th. They had been indicted a long time previous, and had given bail for their appearance at said term. They appeared, and after several days' trial were acquitted. On the afternoon of the day of acquittal the officer having said summons in his possession served the defendants with a copy of the writ for their appearance at the next term of the said county court in said county to answer to the action on the note. On the answer day, to-wit, October, 5th, 1885, the defendants filed a plea to the jurisdiction of the court over the person of the defendants, for the reason they were served while in attendance on court, without being subpœnaed, they being residents of another county in this state.

To this plea the plaintiff filed a demurrer. The demurrer was overruled and the case was dismissed at the cost of plaintiff. Plaintiff took the case to the district court, where the same ruling was made, the court dismissing and overruling the petition in error.

At common law, parties and witnesses attending in good faith any legal tribunal, were privileged from arrest on civil process during their attendance and for a reasonable time in going and returning. *Thompson's Case,* 122 Mass., 428. And this whether they attend on summons or voluntarily, and whether they have or have not obtained a writ of protection. *Walpole v. Alexander,* 3 Doug., 45. *Meekins v. Smith,* 1 H. Bl., 636. *Arding v. Flower,* 8 T. R., 534. *Spence v. Stuart,* 3 East., 89. *Ex parte Byne,* 1 Ves. & B., 316. *Persse v. Persse,* 5 H. L. Cas., 671. *McNeil's case,* 6 Mass., 245. *Wood v. Neale,* 5 Gray, 538. *May v. Shumway,* 16 Gray, 86. Gray, J., in *Thompson's Case, supra.*

In some of the early cases in this country it was held that the privilege of suitors and witnesses extended no further than exemption from arrest, and that service by summons was legal, and where an arrest was made, common bail must be filed or a general appearance entered. *Blight v. Fisher,* Pet. C. C., 41. *Hunter v .Cleveland,* 1 Brev., 167. *Taft v. Hoppin,* Anthon, N. P., 255. *Booraem v. Wheeler,* 12 Vt., 311. The tendency of the courts, however, has been to enlarge the privilege and to afford full protection to suitors and witnesses from all forms of process of a civil nature during their attendance before any judicial tribunal, and for a reasonable time in going and returning.

In *People v. Judge,* 40 Mich, 729, in a well considered opinion by Judge Cooley, it is said, "There is no doubt whatever that the privilege exists in the case of all proceedings in their nature judicial, whether taking place in court or not. *Fletcher v. Baxter,* 2 Aik. (Vt.), 224 ; *Sanford v. Chase,* 3 Cow., 381 ; *Clark v. Grant,* 2 Wend., 257 ; and in *Reinmer v. Green,* 1 M. & S., 638, it was very justly recognized in the case of bail attending for the purpose of justification. In *Commonwealth v. Hawes,* 13 Bush., 699, where the privilege was allowed in

the case of one brought within the jurisdiction on process of extradition, it is clearly shown that the reason of the privilege must determine its extent." To the same effect see *Cannon's Case*, 47 Mich., 482. *Baldwin v. Judge*, 48 Mich., 525.

In *Mitchell v. Huron Circuit Judge*, 53 Mich., 541–542, where a resident of Bay county, who was a party to two suits pending in the county of Huron, and went into the latter county to attend the trial thereof. He was examined as a witness in one of the cases, and the other case was continued. While so in attendance he was served with summons in the latter county in another case; he applied to the court on a showing of the facts to set aside the service, but the application was refused; he then applied to the supreme court for a mandamus. The court per COOLEY, J., say: "We think the case is within the principle of *Watson v. Judge of Superior Court*, 40 Mich., 729, and that the writ should issue. Public policy, the due administration of justice, and protection to parties and witnesses alike demand it. There would be no question about it if the suit had been commenced by arrest; but the reasons for exemption are applicable, though with somewhat less force, in other cases also. The following cases may be referred to for the general reasons: *Norris v. Beach*, 2 Johns., 294. *Sanford v. Chase*, 3 Cow., 381. *Dixon v. Ely*, 4 Edw. Ch., 557. *Clark v. Grant*, 2 Wend., 257. *Seaver v. Robinson*, 3 Duer, 622. *Person v. Grier*, 66 N. Y., 124. *Matthews v. Tufts*, 87 N. Y., 568. *Hall's Case*, 1 Tyler, 274. *In re Healey*, 53 Vt., 694. *Miles v. McCullough*, 1 Binn., 77. *Halsey v. Stewart*, 4 N. J. L., 366. *Dungan v. Miller*, 37 N. J. L., 182. *Vincent v. Watson*, 1 Rich. Law, 194. *Sadler v. Ray*, 5 Rich. Law, 523. *Martin v. Ramsey*, 7 Humph., 260. *Dickenson's Case*, 3 Harr. (Del.), 517. *Henegar v. Spangler*, 29 Ga., 217. *May v. Shumway*, 16 Gray, 86. *Thompson's Case*, 122 Mass., 428. *Ballenger v. Elliott*, 72

N. C., 596. *Parker v. Hotchkiss*, Wall. C. C., 269. *Juneau Bank v. McSpedan*, 5 Biss., 64. *Arding v. Flower*, 8 Term, 534. *Newton v. Askew*, 6 Hare, 319. *Persse v. Persse*, 5 H. L. Cas., 671. See also *Matter of Cannon*, 47 Mich., 481."

In *Compton v. Wilder*, 40 O. S., 130, one U., a resident of Pennsylvania, was extradited from that state upon a requisition issued by the governor of Ohio upon application of one C. in a criminal prosecution; it was held that the service of summons and an order of arrest issued in a civil action brought by C. against U. and made upon U. directly after he had entered into a recognizance to appear before the court of common pleas at its next term, and before he had an opportunity to return to his home, was rightly set aside.

In *Person v. Grier*, 66 N. Y., 124, it is said: "It is the policy of the law to protect suitors and witnesses from arrest upon civil process while coming to and attending the court and while returning home. Upon principle as well as upon authority their immunity from the service of process for the commencement of civil action against them is absolute *enudo, morando et redenudo*. This rule is especially applicable in all its force to suitors and witnesses from foreign states attending upon the courts of this state. In some instances witnesses and suitors, residents of the state, have only been discharged from arrest upon filing common bail, but the service of process upon non-resident witnesses and suitors has been absolutely set aside, thus giving color to a distinction between the two classes in respect to their immunity. Whether any distinction should or does in fact exist is at least doubtful. This immunity is one of the necessities of the administration of justice, and courts would often be embarrassed if suitors or witnesses, while attending court, could be molested with process. Witnesses might be deterred and parties prevented from attending, and delays might ensue or

injustice be done. In *Norris v. Beach* (2 J. R., 294), the defendant, a resident of the state of Connecticut, attending in this state to prove a will, was held exempt from the service of a *capias* and discharged absolutely from the arrest. The like relief was granted in *Sanford v. Chase*, 3 Cow., 381, and the defendant, a resident of Massachusetts, arrested upon civil process while attending as a witness before arbitrators, was discharged absolutely without filing common bail, the court saying: 'The privilege of a witness should be absolute.' The court in *Hopkins v. Coburn* (1 Wend., 292), expressly affirm the absolute immunity of foreign witnesses attending our courts from the service of civil process for the commencement of an action. The same rule was held in *Seaver v. Robinson* (3 Duer., 622), and *Merrill v. George* (23 How., 331), and the service of a summons upon persons attending from other states was in each case set aside. This case in *Van Lieuw v. Johnson*, (decided in March, 1871, but not reported), substantially adjudged that a summons could not be served upon a defendant, a non-resident of the state, while attending a court in this state, as a party. Four of the judges taking part in that decision were of the opinion that neither a party nor a witness attending court in this state from a foreign state could be served with a summons for the commencement of an action."

In *Matthews v. Tufts*, 87 N. Y., 570, the case of *Van Lieuw v. Johnson*, above referred to, is cited with approval, and the court say: "This immunity does not depend upon statutory provisions, but is deemed necessary for the due administration of justice; it is not confined to witnesses, but extends to parties as well, and is abundantly sustained by authority."

In *Huddeson v. Prizer*, 9 Phila., 65, the court says the immunity "is alike the privilege of the person and the privilege of the court; it renders the administration of justice free and untrammelled and protects from improper

interference all who are concerned in it." See also *Larned v. Griffin*, 12 Fed. Rep., 590, where many of the cases are reviewed. *Atchison v. Morris*, 11 Id., 582. *Plimpton v. Winslow*, 9 Id., 365. *Bridges v. Sheldon*, 7 Id., 19. *Brooks v. Farwell*, 4 Id., 166. *Parker v. Hotchkiss*, 1 Wall. Jr., 269.

The defendants in their answer, in addition to showing that they had given bail to appear at the time and place stated, allege that they were necessary witnesses on the trial and therefore could not be served with summons in a county in which they did not reside. We do not wish to place our decision upon the narrow ground that the immunity applies only to witnesses; it applies also to parties and is necessary to the due administration of justice. The defendants therefore would have been entitled to immunity from service of civil process upon them if they had not given bail for their appearance at the time and place stated. They were defendants to an action in which the state was the party prosecuting, and they were entitled to defend the same without fear of molestation from the commencement of civil actions against them. The rule applies with greater force, however, when they had given bail to appear. We hold, therefore, that they could not be served with summons until reasonable time had elapsed after their discharge to enable them to return to their homes.

There is no error in the record and the judgment will be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.