Wilson v. Donaldson.

No. 10,640.

Wilson v. Donaldson.

Non-Resident.—*Attendance at Trial.*—*Service of Summons Upon.*—A person who comes into this State for the purpose of testifying as a witness in an action in which he is a party, can not be legally served with a summons at the suit of the party plaintiff in the action he came here to defend. Section 312, R. S. 1881, does not apply to such a case.

From the Montgomery Circuit Court.

*G. W. Paul, M. D. White* and *J. E. Humphries*, for appellant.

*P. S. Kennedy, S. C. Kennedy* and *W. T. Brush*, for appellee.

ELLIOTT, C. J.—The appellee was served with summons in an ordinary civil action. He pleaded in abatement these facts: That he then was and had been for more than eighteen years a citizen and resident of the State of Kentucky; that during the April term of the Montgomery Circuit Court he left his home in the State of Kentucky for the sole purpose of defending an action pending against him in that court, and testifying as a witness therein; that the action was brought against him by the plaintiff, and the cause was called for trial on the 24th of May, 1882; that the defendant announced that he was ready for trial and the court ordered the trial to proceed, whereupon the plaintiff dismissed his action, and withdrew all the papers from the files of the court; that immediately after the dismissal was entered, Wilson, the plaintiff, refiled his complaint and caused a summons to issue; that the defendant started home at once but was served with summons while he was on his way home, although he was still in Montgomery county.

The contention of appellant's counsel is, that the fact that the appellee was in Indiana in attendance upon court as a party

to an action which he had brought against him, and for the purpose of testifying as a witness, does not entitle him to avoid the summons served upon him while in this State. Our statute is broad enough to sustain this contention if we take it apart from all the other rules of the law, for it provides that in cases of non-residents an action may be commenced and summons served in any county where they may be found. R. S. 1881, section 312. But a statute is not to be isolated from the great body of law of which it forms a part; on the contrary, it is to be taken as forming part of one great system, and is to be construed with reference to co-ordinate rules and statutes. *Bradley* v. *Thixton, ante,* p. 255.

The counsel are, therefore, in error in completely isolating the statutory provision we have referred to, since if we should find a well established principle of law exempting non-residents who are in this State for the purpose of attending court as parties or witnesses, we should be bound to construe the statute with reference to that principle, for we could not hold that the Legislature meant to entirely disregard it and establish an independent rule. Such narrow views as those of counsel, if allowed sway, would mar the symmetry of our system of jurisprudence and greatly impair its usefulness. Laws are necessarily expressed in general terms, but these general terms do not and can not embrace all cases. An element is often present which takes a case out of the operation of the general words of the statute, and that element is here present. Broom Legal Maxims, 43.

We can not, as the appellee's counsel urge us to do, allot any controlling force to section 2658 of the statute, which exempts persons engaged in necessary attendance upon courts from arrest on civil process, for the reason that there was no attempt to arrest the appellee. All that the appellant attempted to do was to compel the appellee to appear and answer in an ordinary civil action.

The fact that an arrest is not, under our system of jurisprudence, made on ordinary civil process, supplies a substan-

tial reason for denying to the ancient decisions a controlling influence, but not for entirely impeaching the validity of their reasoning. There are strong reasons found in some of the old cases why a citizen of a sister State who comes here to defend one action should not be bound to submit to the service of a summons in another action while here in necessary attendance at court. It is his privilege, under our laws, to testify in his own behalf, and this privilege should not be burdened with the hazard of defending other actions in our forums. Our own citizens will often derive a substantial benefit from the personal appearance of a non-resident defendant, since it may enable them to obtain a personal judgment which else were impossible. If citizens of other States are allowed to come into our jurisdiction to attend court as parties or witnesses and to freely depart from it, the administration of justice will be best promoted, since a defendant's personal presence is often essential to enable his counsel to justly conduct his defence. The principle of State comity, too, demands that a citizen of another State who submits to the jurisdiction of our courts and here wages his forensic contest should not be compelled to do so under the limitation and obligation of submitting to the jurisdiction of our courts in every case that may be brought against him. While coming and departing, as well as while actually in necessary attendance at court, he should be free from the hazard of being compelled to answer in other actions.

It is an evidence of respect for our laws and confidence in our courts that he comes here to litigate, and the laws he respects should give him protection. If he can come only under the penalty of yielding to our jurisdiction in every action that may be brought against him, he is deprived of a substantial right because he is willing to trust our courts and our laws, without removing his case to the Federal courts, or refusing to put himself in a position where personal judgment may be rendered against him. High considerations of public policy require that the law should encourage him to

freely enter our forums by granting immunity from process
in other civil actions, and not discourage him by burdening
him with the obligation to submit to the writs of our courts
if he comes within our borders. We know that there is some
conflict among the decided cases, but, in weight and in rea-
son, the authorities range themselves in strong array in sup-
port of the doctrine we have outlined. It was certainly the
ancient rule, and, although, as we have said, something of
the reason for the ancient rule has been dissipated, there yet
remains much reason for it. There is, indeed, a stronger
reason for the rule in States, where, like ours, parties may be
witnesses, than in States where the old common law rule ex-
cluding them prevails; and for this reason the old rule pro-
tecting witnesses has much more strength in States where
parties may be witnesses than in States where the ancient
common law rule is still in force. The authorities, ancient
and modern, are in substantial harmony upon the proposition
that a witness from a foreign jurisdiction is under the protec-
tion of the law, although some of the cases deny this im-
munity to parties. The reason for this rule regarding wit-
nesses, as generally given, is, that, as they can not be com-
pelled to leave their own State, they should, as far as possi-
ble, be encouraged to voluntarily come into the State where
the action is pending, and give their testimony in open court.
But the policy of protection, as sound principles require, and
many courts assert, extends as well to parties as to witnesses.

In *Mitchell* v. *Huron Circuit Judge*, 53 Mich. 541, COOLEY,
C. J., said: "We think the case is within the principle of
*Watson* v. *Judge of Superior Court*, 40 Mich. 729, and that
the writ should issue. Public policy, the due administration
of justice, and protection to parties and witnesses alike de-
mand it. There would be no question about it if the suit
had been commenced by arrest; but the reasons for ex-
emption are applicable, though with somewhat less force, in
other cases also. The following cases may be referred to for
the general reasons: *Norris* v. *Beach*, 2 Johns. 294; *Sanford*

v. *Chase*, 3 Cow. 381; *Dixon* v. *Ely*, 4 Edw. Ch. 557; *Clark* v. *Grant*, 2 Wend. 257; *Seaver* v. *Robinson*, 3 Duer, 622; *Person* v. *Grier*, 66 N. Y. 124; *Matthews* v. *Tufts*, 87 N. Y. 568; *Hall's Case*, 1 Tyler, 274; *In re Healey*, 53 Vt. 694; *Miles* v. *McCullough*, 1 Binn. 77; *Halsey* v. *Stewart*, 4 N. J. L. 366; *Dungan* v. *Miller*, 37 N. J. L. 182; *Vincent* v. *Watson*, 1 Rich. Law, 194; *Sadler* v. *Ray*, 5 Rich. Law, 523; *Martin* v. *Ramsey*, 7 Humph. 260; *Dickinson's Case*, 3 Harr. (Del.) 517; *Henegar* v. *Spangler*, 29 Ga. 217; *May* v. *Shumway*, 16 Gray, 86; *Thompson's Case*, 122 Mass. 428; *Ballinger* v. *Elliott*, 72 N. C. 596; *Parker* v. *Hotchkiss*, Wall. C. C. 269; *Juneau Bank* v. *McSpedan*, 5 Biss. 64; *Arding* v. *Flower*, 8 Term R. 534; *Newton* v. *Askew*, 6 Hare, 319; *Persse* v. *Persse*, 5 H. L. Cas. 671. See, also, *Matter of Cannon*, 47 Mich. 481. The case of *Case* v. *Rorabacher*, 15 Mich. 537, is different. In that case the party claiming the privilege was attending court within the jurisdiction of his residence."

Very much the same ruling as that announced by Chief Justice COOLEY was made by the Court of Appeals of New York, in *Matthews* v. *Tufts, supra*, where it was said: "In *Van Lieuw* v. *Johnson*, decided March, 1871, and referred to in *Person* v. *Grier*, 66 N. Y. 124, a majority of this Court were of opinion that a summons could not be served upon a defendant, a non-resident of the State, while attending a court in this State as a party. This immunity does not depend upon statutory provisions, but is deemed necessary for the due administration of justice. It is not confined to witnesses, but extends to parties as well, and is abundantly sustained by authority."

We do not cite the authorities adduced by the court, for the reason that most of them are collected in the quotation made from the opinion of Chief Justice COOLEY.

Mr. Rorer says: "It is the policy of the law to protect suitors and witnesses from service of process in civil actions, whether the process be such as required their arrest, or be

Wilson *v.* Donaldson.

merely in the nature of a summons. Service in such cases will be set aside, as well upon general principles as upon positive law, if there is such." Rorer Interstate Law, 26.

The only case cited by the appellant's counsel which directly opposes the opinion which we accept as the correct one, is that of *Bishop* v. *Vose*, 27 Conn. 1, and that decision is not supported by authority, nor are any satisfactory reasons assigned for the conclusions of the court. *Greer* v. *Young*, 120 Ill. 184, was the case of a party who came into Illinois to attend the taking of depositions, and not the case of a defendant in attendance at court.

In *King* v. *Phillips*, 70 Ga. 409, there was no pleading questioning the service, and it was on this point that the case was decided.

The facts in *Robbins* v. *Lincoln*, 27 Fed. Rep. 342, were, that the person served with process was an attorney and not a party.

In *Smith* v. *Jones*, 76 Maine, 138 (49 Am. Rep. 598), the question arose in a collateral action, and there the plaintiff sued to recover damages for an illegal arrest. *Catlett* v. *Morton*, 4 Litt. (Ky.) 122, simply decides that a member of the Legislature is not so far privileged as to be exempt from answering a summons in an ordinary civil action.

Our ultimate conclusion is, that a person who comes into this State for the purpose of testifying as a witness in an action in which he is a party, can not be legally served with a summons at the suit of the party plaintiff in the action he came here to defend, and that our statute does not apply to such a case.

Judgment affirmed.

Filed Feb. 16, 1889.