## MALLOY v. BREWER.

1. A resident of a foreign state, while attending a court of this state as a witness, cannot be served with process for the commencement of a civil action against him.
2. Section 5274, Comp. Laws, does not include or apply to witnesses coming into this state from a foreign state.

(Syllabus by the court.   Opinion filed Nov. 22, 1895.)

Appeal from circuit court, Minnehaha county. Hon. JOSEPH W. JONES, Judge.

Action by Mary Malloy against S. H. Brewer. From an order setting aside service of summons, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Joe Kirby*, for appellant.

A witness cannot be sued in a county in which he does not reside by being served with a summons in such county, while going, returning, or attending in obedience to a subpœna only. Comp. Laws, §§ 2505 and 5274; Fisk v. Westover, 55 N. W. 961; 4 S. D. 233.

*Bailey & Voorhees*, for respondent.

A party coming into the state as a witness in the courts of the state cannot be sued therein. Dixon v. Ely, 4 Edw. Ch. 557; Norris v. Beach, 2 Johns, 294; Seaver v. Robinson, 3 Duer.[622; Norris v. Beach, 294; Sanford v. Chase, 4 Cowen 381; Merrill v. George, 23 How. Pr. 331; Lamkin v. Starkey, 7 Hun. 479; Matthews v. Tufts, 87 N. Y. 568; Miles v. McCullough, 1 Bunn. 77; Vincent v. Watson, 1 Rich. L. 194; May v. Shumway, 16 Gray 86; Ballinger v, Elliott, 72 N. C. 596; Juneau v. McSpedon, 5 Bliss, 64; Arding v. Flower, 8 Term. 534; Newton v. Askew, 6 Hare 319; Persse v. Persse, 5 H. L. Cal. 671; Sherman v. Gundlach, 37 Minn. 118. The exemption from service is not waived by a failure to move to set it aside, provided the motion be made before the time to appear and answer the summons has expired. Ledderer v. Adams, 11 N. Y. Supp. 481.

CORSON, P. J. The respondent, a resident of Sioux City, Iowa, was served with a summons and complaint in this action at Salem, in McCook county, in this state, where he was in attendance upon the circuit court as a witness in an action on trial in that court. The circuit court on motion set aside the service of the summons, and canceled the judgment entered in the action, and the plaintiff appeals. The affidavit of the respondent, after stating the facts as to his residence, that he was in attendance upon the circuit court of McCook county as a witness when served with the summons, etc., concludes: "That deponent was not present at said Salem on said occasion, or within the state, for a longer period than was necessary for de-

ponent to get from his home at Sioux City, Iowa, to said Salem, to attend the trial of said cause as a witness, and to return to his home in said Sioux City." In the affidavit of Mr. Kirby, the attorney for the plaintiff and appellant, it is stated "that said S. H. Brewer [respondent] was not present in the State of South Dakota on or about the 11th day of April, 1894 [date of service of summons], or attending the trial of said action mentioned in his affidavit, in response or obedience to a subpœna." These statements are uncontradicted. It will thus be seen that the only question presented for our determination is, was the service upon the defendant of the summons, while in this state as witness in an action pending therein, but not in obedience to any subpœna, a valid service?

Counsel for appellant contend that by the terms of Section 5274, Comp. Laws, a witness is only exempt from the service of a summons when he is in attendance upon a court in obedience to a subpœna, and that, as it affirmatively appears in this case that the respondent was not in attendance as such witness in obedience to a subpœna, the service upon him was legal and valid. The section reads as follows: "A witness shall not be liable to be sued in a county in which he does not reside, by being served with a summons in such county while going, returning or attending in obedience to a subpœna." He further contends that under the rules for construing our Code prescribed by Sections 2505 and 4808, Comp. Laws, the general rule of law applicable to witnesses coming into the state from another state is not in force in this state. The sections referred to read as follows: 2505: "In this territory there is no common law in any case where the law is declared by the Codes." 4808: "No statute, law or rule is continued in force because it is consistent with the provisions of this Code on the same subject; but in all cases provided for by this Code, all statutes, laws and rules heretofore in force in this territory, whether consistent or not with the provisions of this code, unless expressly continued in

force by it, are repealed and abrogated. This repeal or abrogation does not revive any former law heretofore repealed, nor does it affect any right already existing or accrued, or any action or proceeding already taken, except as in this Code provided; nor does it affect any private statute not expressly repealed." Counsel for respondent insist that Section 5274 only provides a rule applicable to witnesses residing in this state, and does not include witnesses coming into this jurisdiction from another state, and hence the general rule applicable to such witnesses should be applied to a witness from other states coming into this state, without regard to whether he is in attendance by virtue of a subpœna or not. Undoubtedly, if Sec-if Section 4274, relied upon by appellant, was intended to, and does by a fair construction of its language, include witnesses coming into this state from another state, that section must control this case. But it is quite clear from the language of this section that it only applies to witnesses residing in this state, as the expression, "in a county in which he does not reside," presupposes that the witness referred to resides in some county in the state; and the other expression, "attending in obedience to a subpœna," can only apply to witnesses residing in this state, as no subpœna issued in this state can be efficiently served upon a witness without the state. · It would seem, therefore, that witnesses coming here from another state are not included in that section, and that the case of such witnesses is not provided for by the statute, but, like parties to actions coming from another state, are without the provisions of the Code, and the exemption or nonexemption of such witnesses from the service of process is to be determined from the general law upon the subject.

Counsel for appellant contends that this question was settled by the decision in Fisk v. Westover, 4 S. D. 233, 55 N. W. 961. But we discover nothing in the opinion in that case inconsistent with the views herein expressed. The court in that case was considering the exemption or non-exemption of par-

ties to the action coming from another state, and in holding that the section mentioned only referred to witnesses, and not to parties, the court did not decide nor intend to decide what class of witnesses were included and provided for by the section. In this case, however, it becomes necessary to determine that question, and hence we have given the section careful attention, and we are satisfied that the section does not include witnesses coming from another state. There being no provision in our Code affecting this question, it must be determined from an examination of the general law upon the subject. The weight of authority in this country seems to sustain the position of the respondent, namely, that a resident of another state, who has in good faith come into this state as a witness to give evidence in a cause pending in one of our courts, is exempt from service with process for commencing an action against him. We cite from the numerous decisions upon this question the following, in which the rule as above stated has been announced: Person v. Grier, 66 N. Y. 124; Dungan v. Miller, 37 N. J. Law, 182; Wilson v. Donaldson, 117 Ind. 356, 20 N. E. 250; Mitchell v. Circuit Judge, 53 Mich. 541, 19 N. W. 176; Sherman v. Gundlach, 37 Minn. 118, 33 N. W. 549; Palmer v. Rowan, 21 Neb. 452, 32 N. W. 210; Hayes v. Shields, 2 Yeats, 222; Bolgiano v. Lock Co. (Ind.) 20 Atl. 788. The federal courts seem to have adopted the same rule. Atchison v. Morris, 11 Fed. 582; Small v. Montgomery, 23 Fed. 707; Kauffman v. Kennedy, 25 Fed. 785. The rule is founded upon principles of public policy and the due administration of justice, which is subserved by the presence of witnesses to give their evidence orally before the court. The privilege protects the witness in going, in staying, and returning to his home, provided he acts in good faith and without unreasonable delay. This immunity from such service depending as it does upon grounds of public policy, does not require statutory authority to enable courts to enforce the rule and set aside a summons thus improperly served. The object of affording such immunity is to encourage witnesses from

other states to come forward voluntarily and testify, and the rule exempting such witnesses from the service of process while so attending as such witness in another state commends itself to the courts as a wise and proper one. This immunity works no injustice to any one, for unless the witness comes within the state there would be no opportunity to serve process upon him. Therefore the plaintiff, who attempts to get service upon the witness while here as such, neither loses any rights nor suffers any injury by reason of this rule. He is simply prevented from taking advantage of the necessary presence of the witness in furtherance of his own private purposes. The order of the court below is affirmed.