STATE v. BUTLER.

LICENSE LAW *Code, Article 6, Chapter 6, Title 8, Part 1; Evasion of.*

Under a license to sell liquor regularly issued in pursuance of Article 6, Chapter 6, Title 8, part 1 of the Code, a party has no right to remove his liquors from the usual place of selling them to another place for the sale of them temporarily; although during such removal he does not sell them at his usual place of business. Such an act is a palpable violation of the statute.

WRIGHT, J., delivered the opinion of the Court:

The Circuit Judge charged the jury that under a lisence to sell liquor regularly issued, a party would have no right to remove his liquors from the usual place of selling them, to other places for the sale of them temporarily; although during such removal, he does not sell at his usual place of business. In this charge we perceive no error. It certainly was not contemplated by article 6 of the Code, that a party may at his will close his grocery, take down his sign and travel with his liquor, vending the same at election grounds, places of public amusement, and other gatherings of the peo-

ple. Such a practice is against both the letter and spirit of the statute. The idea of a grocery, or establishment at which liquors are to be sold, negatives any such construction. In this case there was a public gathering at Boone's Creek, eight miles from Jonesboro, the town in which defendant had his grocery and carried on his business. On the day of the gathering, he took down his sign, closed his doors, took his liquors in a wagon and went to Boon's Creek, where he had no house, and there sold liquors from his wagon ; and on the next day returned to his grocery at Jonesboro, and resumed business as usual. This was a palpable evasion of the law, and the defendant knew it.

The judgment of Circuit Court will be affirmed.

*Judgment affirmed.*