Danforth, J.
 

 The learned counsel for the appellant asks for a reversal of the judgment and new trial upon two grounds:
 

 
 *836
 
 .
 
 First.
 
 That the injury to the plaintiff was caused by his-own negligence, and
 

 Second.
 
 That the defendant on the occasion in question, was free from negligence.
 

 The jury had both propositions before them, after instructions from the court, to which no objection is now made,, and the general term was of opinion that the case was properly submitted to them. The judgment must stand, therefore, if there was evidence proper for the consideration of the jury and sufficient in some reasonable view to induce the verdict.
 

 The plaintiff, a passenger on defendant’s road, was entitled to be carried safely so far as that could be effected by reasonable care on its part in the conduct of its business. The complaint is that while proceeding on his journey from Hudson northerly to Albany, he “ was struck upon the left arm by a portion of a car door or other part of a freight, train running on the defendant’s road in an opposite direction, ’ ’ and seriously injured. He was at the time sitting by a window, his arm resting upon its sill; whether it protruded beyond the sill and outside the car was a question upon the trial and given to the jury with directions to find a verdict for the defendant if that question was answered by them in the affirmative. Their verdict in favor of the plaintiff shows-that in their opinion the plaintiff was wholly within the car.
 

 There is evidence to that effect. The plaintiff says in one hand he had a paper, in the other a cigar. His arm rested on the window sill; the window was raised, but “could have fallen down without touching my arm;” at that moment a freight train was passing by, and something on the freight train struck my arm and smashed it;” the conductor came in and said he was on the next car and he thought there was some accident when the lever to stop the train was pulled by the brakeman.” One “ S,” also a passenger sitting near and behind the plaintiff, described his position and said on cross-examination by defendant’s counsel, ‘
 
 [1]
 
 1 think if the window had come down it would not have hit his arm.” “Just the end of the arm rested on the sill.” Another passenger, one “ W,” giving a somewhat different account of the construction of the window casing, gives evidence in corroboration of the plaintiff’s assertion that his arm was inside, and not outside the car window.
 

 The freight train as it passed Castleton, shortly before meeting the passenger train, was observed by one “ Simon,” who testified that “ there was a door swinging from a car just as quick as a pidgeon up and down;” this was on the
 
 *837
 
 side of the freight car opposite the side of the car at which plaintiff sat.
 

 The evidence tended to prove that this swinging door caused the injury. The conductor of the' passenger train formed the opinion at once that the cause of the injury was from the" freight train, and directed the agent at Castleton to telegraph its conductor
 
 “
 
 that there was something on that train that struck my train,” and he so telegraphed. It does not appear that the conductor of the freight train responded. He was not a witness on the trial; nor were any of the defendant’s employees upon that train called to testify in regard to it; nor was there evidence to contradict the positive testimony of the plaintiff’s witness as to the condition of the door. and its dangerous operations. That it, or some other hard substance from the freight car, was doing harm, is also established by evidence that the car in which the plaintiff sat was scratched and bruised upon the outside; that it was indented inside on the window casing by which he sat, and other cars in the train showed the result of the collision by glass broken from a window and manifest abrasions and bruises upon the sides. The freight car was in bad condition from the failure of the defendant to keep it in repair, and it is but just that the defendant should be held accountable for a negligence which has been followed by such an accident. Measurement of the window sill, and opinions as to what could or might have been done upon such a surface, did not amount to demonstration, and were not conclusive. The jury were not bound so to construe that evidence as to discredit and reject that given by the plaintiff.
 

 It is for the public interest that persons should be enabled to travel safely over a road operated for public use and without any danger from accidents of this kind; but the defendant is not an insurer, and, as its learned counsel contends, the mere happening of an accident will not in all cases warrant a recovery by one receiving injury. There must be reasonable evidence of negligence, but when the thing causing the injury is shown to be under the control of a defendant, and the accident is such as in the ordinary course of business does not happen if reasonable care is used, it does, in the absence of explanation by the defendant, afford sufficient evidence that the accident arose from want of care on its part. The case of
 
 Holbrook
 
 v.
 
 The Utica S. R. R. Co.
 
 (12 N. Y., 236), is to that effect. Its facts were quite like those now under consideration, and the principle there stated, that the presumption of a want of proper care on the part of the company may arise from circumstances attending the injury, and so cast upon the defendant the burden of disproving it, applies here. No
 
 *838
 
 explanation was given by the defendant, and the conclusion reached by the jury was upon both branches of the controversy justified by the evidence. We agree with the general term as to the deductions fairly arising from the evidence, and think its judgment should be affirmed.
 

 . All concur, except Peckham, J., not sitting.