[No. 1194 and 1198, August 30, 1910.]

TERRITORY OF NEW MEXICO, Appellee and Defendant in Error, v. JESSIE KIMMICK, Appellant and Plaintiff in Error.

### SYLLABUS (BY THE COURT)

1. If instructions given cover and correctly state the law of the case, it is not error to refuse to give other instructions on the same points, although they may be correct statements of the law applicable thereto.

2. It was properly left to the jury to determine from the evidence whether the defendant was a deputy sheriff at the time of the murder with which he was charged.

3. Instructions are to be construed together and the fact that any one taken by itself, apart from the others, may appear to be incomplete or incorrect, does not warrant

reversal of judgment if they correctly state the law, as a whole.

4. The instructions on the right of self-defense were such as the evidence in the case required, and were sufficiently favorable to the defendant.

5. There was evidence which made necessary an instruction that the jury had the right to find the defendant guilty of murder in the second degree, but none that would have justified a like instruction as to murder in the third degree.

Appeal from the District Court for Sierra County before FRANK W. PARKER, Associate Justice. Affirmed.

CHARLES G. BELL, PERCY WILSON and W. B. CHILDERS for Appellant.

An officer may lawfully arrest, without a warrant one whom he has reasonable grounds to suspect of having committed a felony, even though in point of fact, the one arrested is altogether innocent and no felony has been committed by any one. 2 Enc. A. & E. L., 2 ed., p. 870 and authorities cited; C. L. 1897, secs. 734, 1068, 1069, sub-sec. 3; 1 Bishop Crim. Proc., 3 ed., sec. 183, p. 102; Territory v. Gutierrez, 79 Pac. 716-718; State v. McNally, 87 Mo. 644; State v. Dierberger, 10 S. W. Rep. 168-171; 2 Bish. Crim. Law, secs. 644, 647, 650; Fost 272; 7 Bac. Abr. 209; 4 Steph. Comm, 98; Barb. Crim. Law 35; State v. Fueller, 9 S. W. Rep. 583; 1 Russ. on Crimes, sec. 3, pp. 447, 448; 9 Am. ed., 892, citing Hale, Hawkins, East and Foster; Whart. Cr. L., sec. 415 and cases cited; Starr v. U. S., 153 U. S. 614, 620, 621; State v. Gosnell, 74 Fed. 734, 738, 739; Territory v. McGinnis, 10 N. M. 280, 61 Pac. 208; Davis v. U. S., 160 U. S. 469; Chafee v. U. S., 18 Wall. 516; Territory v. Lucero, 8 N. M. 543, 46 Pac. 18; Lindle v. Com., Ky., 64 S. W. Rep. 986, 990; Cockrell v. Com., 23 S. W. Rep. Ky., 659, 660; Lynn v. People, 48 N. E. Rep. 964, 967; People v. Pool, 7 Cal. 572, 576.

Instruction as to self-defense.  Dodson v. State, 78

Territory v. Kimmick.

S. W. Rep. Tex. 940; Smith v. Com., 92 S. W. Rep., Ky., 610, 611; Lara v. State, 89 S. W. Rep., Tex. 840-842; Cockrell v Com., 23 S. W., Ky., 659, 660; Patillo v. State, 3 S. W. Rep. 768; Brumley v. State, 17 S. W. Rep. 140, 142, citing Whart. Hom. 2 ed., sec. 4931; Whart. Crim. Law, sec. 488; Tillery v. State, 5 Am. St. Rep. 882, 885; State v. Taylor, 50 S. E. Rep. 247, 253; Vann v. State, 2 S. W. 882; 5 Current Law 1723 and authorities cited in note 24; Parksburg Ind. Co. v. Shultz, 27 S. E., W. Va., 255, 259; Beasley v. State, 8 So. Rep. 234, 235; 2 Thomp. on Trials, sec. 2326; Harrison v. Gold Co., 65 Cal. 376; Wood v. Fleetwood, 19 Mo. 529, 531; State v. Donohoe, 78 Iowa 486, 43 N. W. 299; People v. Hill, 49 Hun. 432, 3 N. Y. Supp. 564; People v. Coughlin, 32 N. E., Mich., 905; 1 McClain on Criminal Law, sec. 316; State v. Wingo, 66 Mo. 181-192; State v. McCluer, 5 Nev. 132; Davis v. U. S., 160 U. S. 469, 487-488; Territory v. Lucero, 8 N. M. 543, 46 Pac. 18; Hensen v. State, Ala., 21 Southern 79-81; State v. Dunn, 18 Mo. 419-423.

Instructions as to second degree murder. C. L. 1897, sec. 1065, 1069; State v. Alexander, 66 Mo. 148-160; Territory v. Fewel, 5 N. M. 34-43; Sandoval v. Territory, 8 N. M. 573, 579; Territory v. Pridemore, 4 N. M. 275; Territory v. Friday, 8 N. M. 204, 210; 1 Wag. Stat. 447, sec. 11; Territory v. Nichols, 3 N. M. 103; Territory v. Baca, 11 N. M. 559, 563; Aquilar v. Territory, 8 N. M. 496, 503; State v. Dierberger, 10 S. W. Rep. 168-171; Territory v. Gutierrez, 79 Pac. 716-718; Rev. Statutes of Mo., 1879, secs. 1243, 1244, 1250; State v. Edwards. 70 Mo. 480-484; State v. Curtis, 70 Mo. 600; State v. Dunn, 80 Mo. 689; State v. Umfried, 76 Mo. 407; State v. Watson, 95 Mo. 411, 415, 8 S. W. 383, 384; Casey v. State, 90 S. W. 1018, 1019, Tex.

JAMES M. HERVEY, Attorney General, for Appellee.

An officer has a right to arrest a person guilty of an affray without a warrant, only when the affray, which is a misdemeanor, is committed in his presence. Franklin v. Amerson, 118 Ga. 860; State v. Liendecker, Minn. 1904. 97 N. W. 972; State v. Dierker, 101 Mo. App. 643; People

Territory v. Kimmick.

v. Johnson, 13 L. R. A. 163; State v. Dietz, Kan. 1898, 53 Pac. 870; 1 Bishop Crim. Proc. 3 ed., sec. 183

An officer cannot take life in making an arrest unless the same is necessary. Dover v. State, Ga. 1900, 34 S. E. 1030; Com. v. Mack, Penn. 1870, 8 Phila. 422, Brightley's Pa. Digest p. 522; State v. Hickey, N. J., 1904, 57 At. 264; State v. Gosnell, 74 Fed. 738.

Instructions must be construed together. U. S. v. Densmore, 12 N. M. 99; Territory v. Livingston, 84 Pac. 1021; Territory v. Price, 91 Pac. 733; People v. Flynn, 73 Cal. 511; Van v. State, 85 Ga. 44; McCulley v. State, 62 Ind. 428; Territory v. Lucero, 8 N. M. 543.

A party has no right to complain of nor can he base error upon instructions which are given at his own request. Collins v. State, 50 Tex. Ct. Appeals 40; State v. Reddick, 7 Kan. 152; Blashfield on Instructions to Juries, p. 379; Territory v. Gutierrez, 79 Pac. 717; C. L. 1897, secs. 1068, 1069; State v. Dierberger, 10 S. W. 168; Clements v. State, 50 Ala. 119.

When an officer undertakes to arrest for felony and is met with resistance, he may repel force with force but he must not exceed the necessities of the case. Kelly's Crim. Law, secs. 73, 491; 1 Hill, S. C. 327; Com. v. Mack, Pa. 1870, 8 Phila. 422; Dover v. States, 34 S. E. 1030; Conrady v. People, 5 Parkers Report, N. Y. Criminal Report; State v. Hickey, 57 Atl. 264; State v. Gosnell, 74 Fed. 738; Bishop Crim. Proc., vol. 1, sec. 160; Morton v. Bradley, 30 Ala. 683; Clements v. State, 50 Ala. 119; State v. Anderson, 1 Hill, S. C. 327; Com. v. Rhoades, 23 Pa. Sup. Ct. 517; Territory v. Friday. 8 N. M. 204, 210; Sandoval v. Territory. 8 N. M. 573, 579; Territory v. Chamberlain, 8 N. M. 538.

Omission of the court to instruct as to the law of the case cannot be taken advantage of unless excepted to at the time the jury was instructed. Territory v. Watson, 12 N. M. 419.

There was no evidence to sustain instruction on murder in third degree. Territory v. Baker, 4 N. M. 236; Faulkner v. Territory, 6 N. M. 464; Territory v. Fewell, 5 N. M. 34; Territory v. Hendricks, 13 N. M. 300.

## STATEMENT OF THE CASE.

The defendant was found guilty at the November, 1906, term of the Third Judicial District Court for Sierra County, of murder in the second degree, for the killing of Roy Clift, at Hanover, in Grant County, on August 25th, 1906. The defendant and Clift were present at a dance at a school house in Hanover in the evening of August 25th. The defendant was, with others, outside of the school house, near a window, through which they were watching the dancing, when they chose, and talking among themselves. Clift and his wife, with a party of friends, were dancing until late in the evening, when they started to leave the room by the only door which was not on the side of the house where the defendant was standing. A negro, named Gray, was standing just outside the door, and as Clift and his wife were passing him, he, according to the evidence for the Territory, made an insulting remark to Mrs. Clift, and, as she expressed it, "punched" her in the side, and a short fight between Clift and Gray ensued in which a pistol was discharged and Gray received a wound in the face. He testified that Clift struck him in the face with a pistol which was at the same instant discharged, and that at the moment he thought he was shot. The appearance of the wound indicated, however, that it was caused by a blow rather than a bullet. At that juncture, the defendant and two or more who were with him, came running around the corner of the school house, and almost immediately the defendant shot and killed Clift. The evidence for the Territory was that the defendant came around the corner, running, and without a word to or from Clift, shot him. For the defendant there was evidence that as he came around the corner, Gray said he had been shot, and pointed out Clift as the man who had shot him; that the defendant thereupon told Clift he arrested him; that Clift threatened the defendant, who was a few feet distant from him, with a pistol, snapped it at him and told him he would kill him, and the defendant then shot him.

## OPINION OF THE COURT.

ABBOTT, A. J.—The errors alleged relate to the refusal of the court to give two instructions to the jury, on the subject of self-defense, requested by the defendant; and to giving certain instructions which were objected to in his behalf.

If the instructions actually given embodied the law of the case, which the defendant was entitled to have given, then the refusal to give other instructions, even if correct, does not furnish ground for reversal. United States v. Densmore, 12 N. M. 99.

Let us now consider whether the instructions given fell short of what the defendant was entitled to. His contention is that his rights as a deputy sheriff were not so fully or completely set forth as they should have been in the instructions, and that the instructions requested in his behalf already referred to would have enabled the jury rightly to understand that phase of the case, and should have been given. The right and duty of a peace officer to arrest those engaged in an affray in his presence, —and the affray in question practically was in the presence of the defendant,—is not open to doubt, nor his right to effect and maintain the arrest by such force as may be necessary. In the instructions they requested, however, the defendant's attorneys seem to have relied on the right of self-defense rather than that to kill in overcoming resistance to arrest, since after declaring the duty of the defendant to arrest under the circumstances shown by the evidence in his behalf, they concluded that if the defendant "acting upon such appearance as a reasonable man would act upon, believed that his life was in danger, he had the right then and there to shoot and kill the deceased in his own defense." Indeed, we find no evidence that the defendant was trying to perfect or enforce the arrest in what he did. According to the evidence most favorable to the defense, Clift, when he was told by the defendant to drop his gun, and that he was under arrest, made no effort to escape, said nothing about the arrest, but turned toward the defendant, who was not near enough to seize him, threatened and assaulted the defendant in a way to

menace his life and amply justify the defendant in shoot-
ing him, as a measure of self-defense, whether he, the de-
fendant, was an officer or not.

Assuming that there was evidence which required the
submission to the jury of the question whether the defend-
ant was a deputy sheriff, we think the trial court could not
properly have gone the further length requested by the de-
fendant, and instructed that he was a deputy sheriff.
**2**    There was no direct evidence that such was the case.

One witness, in cross-examination, on a subject not
touched upon in the direct examination, by the Territory,
said that he "understood" the defendant was a deputy
sheriff, had been "told" so, but had never seen his "depu-
ty papers." A witness for the defense said that when he
spoke of "the deputy", he meant the defendant, and that
he "understood" he was a deputy sheriff. If the defend-
ant was a deputy sheriff, direct evidence that he was one
should have been easily obtainable. Session Laws, 1901,
Ch. 5. No such evidence was offered. A jury is entitled
to consider, not only the evidence which is produced, but
the absence of evidence which should have been produced,
and the inference to be drawn from its non-production, in
coming to a conclusion on any question submitted to it.
Wigmore on Evidence, Sec. 290, et seq. Cyc. Vol. 16, pp.
1062, et seq. Harriman v. Reading etc. Ry. Co., '173 Mass.
28. The question was properly left to the jury.

Having done that, the court was bound to go fur-
ther and give instructions to guide the jury in case it
should resolve that question in favor of the defendant.

The court instructed on that point that if the jury
believed "the defendant was a deputy sheriff and attempted
to arrest Clift for an assault which he had reason to be-
lieve and did believe Clift had just made on the witness
Gray, and that the deceased refused to submit to such
arrest and assaulted the defendant with a pistol and snap-
ped said pistol at defendant and threatened to kill de-
fendant, and that such assault was imminently perilous
to the life of the defendant, or placed him in imminent
peril of great bodily harm from the deceased, and that the
defendant in order to save his own life or save himself

from great bodily harm, shot and killed the deceased, then you are instructed that such killing was justifiable and excusable, and you will in that event acquit the defendant." There was a further instruction to the effect that the defendant had the right to act on reasonable appearances of danger, and that the jury should judge of the appearances from his standpoint.

In its conclusion and general effect this instruction does not substantially differ from the instructions requested by the defendant and already referred to, except that it leaves the question to the jury, whether the defendant was a peace officer, and, on the question of self-defense, connects the particulars of the alleged assault by Clift on the defendant, as testified to by witnesses for the defendant in a way as the defendant contends, to require the jury to believe all the particulars in order to find the defendant not guilty on the ground of self-defense, whereas, less than all the particulars would, if found as facts, require such a verdict. If the necessary, or even the natural meaning, as a whole of the instruction given was that claimed by the defendant, error was undoubtedly committed. But we think such was not the case. The essential thing to be found was the assault by Clift with a pistol on the defendant, and so the instruction stated. Then followed a description of the assault, substantially as it was given by the witness Gray, for the defendant. The word "and", it is true, is generally used in a conjunctive sense, but not invariably so. It is often used to indicate a connection of what follows with what has gone before, in the way of narration or description. We do not think the jury could have understood from all that was said by the court on the subject, that they must believe Clift snapped a pistol at the defendant and in terms threatened his life, or, indeed, find anything more than that he in whatever manner, assaulted the defendant with a pistol in a way to justify him as a reasonable man in believing he was in danger of being killed or suffering great bodily harm, unless he should defend himself by shooting Clift. Immediately before and after the connected recital of particulars, to which the appellant takes exception, and in

the instruction next preceding the one in which the recital occurs, the court spoke of the assault on the defend- ant with a pistol, in a way to indicate clearly that the instructions were to be applied to it, and that the recital of particulars was merely the description of it given in the testimony.

The appellant contends, also, that the trial court erred by instructing the jury that it might convict of murder in the second degree, under the indictment and on the evidence in the case. The court instructed that if the jury believed the defendant killed Clift, but not in a way to make the killing murder in the first degree under the instructions given, yet if they believed the "killing was done unnecessarily either while resisting an attempt by the deceased to commit an offense against the person of the defendant, or after such attempt had failed, then such killing would constitute murder in the second degree." That unquestionably conformed to the statute law of the Territory at the time, as to what constituted murder in the second degree, C. L. N. M. Sec. 1064. On the evidence for the defense, the man who was killed was certainly committing an offense against the person of the defendant, and, according to the evidence for the Territory, he did not threaten the defendant by word or act. The jury was not bound to accept or reject the evidence on either side in its entirety, but could, and apparently did give credence to some on each side, in arriving at the verdict, which is consistent with the view that Clift did threaten or menace the defendant, but that the latter was not justified under the circumstances in going so far as to shoot him; that he killed him "unnecessarily" within the meaning of the law. It was incumbent on the court to instruct as to murder in the second degree. Territory v. Romero, 2 N. M. 474; Territory v. Salazar, 3 N. M. 321.

The appellant further contends that the question whether the killing of Clift was murder in the third degree, should have been submitted to the jury. Territory v. Hendricks, 13 N. M. 300 and cases cited.

It could have been murder in the third degree only

in case it was not murder in the first degree, or murder in the second degree, as the statute then in force (Compiled Laws, 1897) declared. The instructions as to the first degree and second degree exhausted the possibilities of the evidence, we think, and left nothing on which a verdict of murder in the third degree could have been supported.

The judgment of the district court is affirmed.

Cooley and Mechem, J. J., who did not hear the argument, did not take part in this decision.

<hr />

### SYLLABUS (BY THE COURT.)

