ELIZA J. DIAMOND, administratrix, *vs.* WILLIAM H. EARLE.

Bristol.　January 29, 1914. — May 20, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Practice, Civil,* Service on non-resident defendant. *Jurisdiction,* Of person.

No valid service of a writ in a civil action can be made upon a resident of another State when he has come into this Commonwealth only for the purpose of testifying as a witness at the trial of another action in which he is a party and when he is in actual attendance at such trial.

TORT by an administratrix against the owner of an automobile for causing the death of the plaintiff's intestate by a collision with another automobile in which the plaintiff's intestate was traveling. Writ dated August 25, 1913.

The defendant filed a plea in abatement, alleging want of jurisdiction for the reason that there had been no service of process upon the defendant, whose residence was at Providence in the State of Rhode Island, the only attempted service of the writ having been made upon the defendant in the court house at Attleborough where he was attending as a party and a witness the trial in the Fourth District Court of Bristol of three actions of tort, in one of which he was a plaintiff and in the other two a defendant.

. The plaintiff filed an answer to the plea in abatement, and also a demurrer to it, assigning as the cause of demurrer that the facts alleged did not constitute a ground for the abatement of the plaintiff's writ.

The case was heard upon the plea in abatement by *Dubuque,* J., who found the facts to be as stated in that plea, and made an order sustaining the plea. Being of opinion that the order made by him ought to be determined by this court before any further proceedings in the trial court, he reported the case under St. 1910, c. 555, § 5, for determination by this court of the question raised by the plea in abatement. If upon the facts reported no proper service was made upon the defendant, the plea was to be sustained and the plaintiff's writ was to be abated. If the service was proper and conferred jurisdiction upon the Superior Court, the defendant was to be given leave to answer and the case was to stand for trial, or such other order was to be made as this court might deem proper.

*H. E. Fales,* for the plaintiff.

*W. B. Luther,* for the defendant.

RUGG, C. J.  The question presented by this case is whether a non-resident of Massachusetts actually attending court in this Commonwealth for the purpose of testifying as a witness in several cases, in one of which he is a plaintiff and in others a defendant, lawfully can be served with civil process issuing from our courts in an action against him as a defendant.  The point is raised by an interlocutory decision of a judge of the Superior Court who, being of opinion that it should be determined by this court before further proceedings were had, reported it under St. 1910, c. 555, § 5.  *Hetherington & Sons* v. *William Firth Co.* 212 Mass. 257.

It has been held that under such circumstances a non-resident is free from arrest on mesne process.  *Thompson's Case,* 122 Mass. 428, and cases there cited.  But neither this nor any of our cases reaches the point now presented.

The rule has been stated generally that suitors and witnesses from a foreign jurisdiction are exempt from service on civil process while attending court and for such reasonable time before and after as may enable them to come from and return to their homes.  This statement is broad enough to include the parties plaintiff as well

as defendants and witnesses. The rule is an ancient one. The reason upon which it rests is that justice requires the attendance of witnesses cognizant of material facts, and hence that no unreasonable obstacles ought to be thrown in the way of their freely coming into court to give oral testimony. Non-residents cannot be compelled to come within the jurisdiction to testify. As such testimony may be essential in the due administration of justice, they ought to be protected in coming voluntarily into our courts to aid in the ascertainment of truth and in the accomplishment of right results by the courts. It is not merely a privilege of the person; it is a prerogative exerted by the sovereign power through the courts for the furtherance of the ends of justice. Every party has a right to testify in his own behalf. He cannot do this freely, if hampered by the hazard that he may become entangled in other litigation in foreign courts. The rule is applied almost universally in behalf of witnesses coming from a foreign State. It is extended generally to defendants living outside the State where the litigation is pending. See cases collected in 32 Cyc. 492, 494; 25 L. R. A. 721.

There appears to be no sound distinction for placing a party plaintiff on any different basis in this respect from other parties and witnesses. The reason on which the rule rests is broad and inclusive of plaintiffs as well as defendants. It is as important to the administration of justice that foreign plaintiffs should be protected in making a full presentation of their cases as it is that parties defendant should be given this protection. The weight of authority supports this conclusion, although there are contrary decisions. *In re Healey,* 53 Vt. 694. *Hale* v. *Wharton,* 73 Fed. Rep. 739. *Peet* v. *Fowler,* 170 Fed. Rep. 618. *Fisk* v. *Westover,* 4 So. Dak. 233. *Roberts* v. *Thompson,* 149 App. Div. (N. Y.) 437. *Cooper* v. *Wyman,* 122 N. C. 784. *Letherby* v. *Shaver,* 73 Mich. 500. *Richardson* v. *Smith,* 45 Vroom, 111; 42 L. R. A. (N. S.) 1101, and cases there collected. There is nothing inconsistent with this in *Ginn* v. *Almy,* 212 Mass. 486, for there the court had acquired jurisdiction of the defendant and the proceedings were in the same cause.

*Ruling sustaining defendant's plea in abatement affirmed.*