## Western District

### THOMAS P. McNAMARA, Jr.
#### v.
### WILLIAM NEEDHAM AND THE
### CLEVELAND HOCKEY CLUB, INC., ALIAS

Argued: Sept. 27, 1963—Decided: Oct. 23, 1963

*Present*: Garvey, P. J., Hobson & Allen, JJ.

Case tried to *O'Malley, J.* in the District Court of Springfield. No. 152111.

*Hobson, J.* In this case, the trial judge being of the opinion that an interlocutory finding and order made by him ought to be reviewed by us before any further proceedings in the trial, reported the case under the provisions of G. L. c. 231, §108.

This is an action of tort, to recover damages for personal injuries arising out of an alleged assault and battery on the plaintiff by the defendant Needham. The defendants

each filed an answer in abatement and motion to dismiss.

At a hearing on the answers in abatement and motions to dismiss, the following evidence was introduced:

(1) The defendants were served in this action while they were present in the court-house and appearing as defendants in a criminal action. The hearing on the criminal complaints had been continued to a time when the defendants were to be present in the Commonwealth to play a hockey game and in fact did so play a hockey game within the Commonwealth in West Springfield the night preceding the service.

(2) The service of the writ in this action on the defendant corporation was made on one JOHN GORDAN, whose capacity as agent, servant or representative of the defendant corporation, CLEVELAND HOCKEY CLUB, INC. otherwise known as CLEVELAND BARONS, was not put in evidence by the plaintiff.

The court denied the defendants' motions to dismiss and did not allow the answers in abatement, but ordered the defendants to file an answer in the case.

The trial judge did not err in denying the defendants' motions to dismiss, in disallowing the answers in abatement, and in ordering the defendants to file an answer in the case. ■ We will first consider the case of the defendant Needham. From the evidence above set forth, the trial judge could properly

find that Needham was a player on the team of the defendant Cleveland Hockey Club, Inc.; that at some time before the serving of the writ upon him he had been in the District Court of Springfield as a defendant on a criminal complaint; that the hearing on this complaint had been continued to a time when the defendant Needham was to be in Massachusetts to play a hockey game at West Springfield; that he did come into Massachusetts for the purpose of participating in a hockey game to be played at West Springfield and did in fact play in said game the night preceding the service of the writ upon him.

The defendant Needham contends that the service of the writ upon him while he was in the District Court of Springfield for trial on the criminal complaint against him, was improper and illegal, in that he was not then subject to service of the writ in the instant case under the Common Law as set forth in *Diamond v. Earl,* 217 Mass. 499, where the court said:

"The question presented by this case is whether a non-resident of Massachusetts actually attending court in this Commonwealth for the purpose of testifying as a witness in several cases, in one of which he is a plaintiff and in others a defendant, lawfully can be served with civil process issuing from our courts in an action against him as a defendant.

"It has been held that under such circumstances a non-resident is free from arrest on mesne process.

*Thompson's Case,* 122 Mass. 428, and cases there cited. But neither this nor any of our cases reaches the point now presented.

"The rule has been stated generally that suitors and witnesses from a foreign jurisdiction are exempt from service on civil process while attending court and for such reasonable time before and after as may enable them to come from and return to their homes. This statement is broad enough to include the parties plaintiff as well as defendants and witnesses. The rule is an ancient one. The reason upon which it rests is that justice requires the attendance of witnesses cognizant of material facts, and hence that no unreasonable obstacles ought to be thrown in the way of their freely coming into court to give oral testimony. Non-residents cannot be compelled to come within the jurisdiction to testify. As such testimony may be essential in the due administration of justice, they ought to be protected in coming VOLUNTARILY into our courts to aid in the ascertainment of truth and in the accomplishment of right results by the courts."

█ The law as above stated applies to parties and witnesses coming into Massachusetts for the trial of civil cases and does not apply to defendants in criminal cases who come into Massachusetts for the trial of their cases because a Massachusetts court has already acquired jurisdiction of them and they are required, under the terms of the continuance of their cases, to be present at the time set for hearing or trial.

In the *Diamond* case, 217 Mass. at page 501, the court says:

"There is nothing inconsistent with this (meaning its decision that Diamond was exempt from arrest or service of process) in *Ginn v. Almy* 212 Mass. 486 (where the court held that Ginn was not so exempt) for there the court had acquired jurisdiction of the defendant and the proceedings were in the same cause."

Here the District Court of Springfield had acquired jurisdiction of the defendant Needham and this case grew out of the acts set forth in the criminal complaint.

The reasons set forth in the *Diamond* case for the rule of law stated therein aptly apply to parties and witnesses in civil cases but have no application to defendants in criminal cases like the instant case.

The provisions of G. L. c. 233, §13C do not apply to the defendant Needham. He did not come into Massachusetts in obedience to a summons or order to attend and testify in a criminal proceeding issued by a court in the State of his residence under the provisions of §13B of said Chapter, and therefore he was not exempt from arrest or service of process under the provisions of said §13C.

Further, to be privileged from arrest, the parties or witnesses coming into our Commonwealth must come solely for the purpose of attending the trial or hearing. In *Wood v. Neale,* 5 Gray 538, the petitioner for the writ of habeas corpus came to Boston *solely* for the purpose of attending a hearing before

commissioners appointed by a judge of probate. In *May v. Shumway,* 16 Gray 86, the petitioner for the writ of habeas corpus came to Worcester *solely* for the purpose of being a witness in a case, and in *Thompson's Case,* 122 Mass. 428, the petitioner came to Boston *solely* for the purpose of voluntarily appearing before legislative committee.

In the present case the defendant Needham came into Massachusetts not only for the purpose of attending his trial, but also for the purpose of participating in a hockey game, and in which game he did play. In other words, he also came into Massachusetts for business purposes which had nothing to do with his case. Therefore, inasmuch as the defendant Needham was in Massachusetts for purposes other than attending court, he was not privileged or exempt from the service of the writ upon him.

We now consider the case against the Cleveland Hockey Club, Inc. This defendant filed a motion to dismiss and an answer in abatement, claiming that service upon it did not conform to either G. L. c. 223, §37, or §38, or G. L. c. 181, §§3 and 3A.

An inspection of the writ and the officer's return of service thereon show that the Cleveland Hockey Club, Inc., was named as a foreign corporation and that service was made upon it *"by delivering in hand to John Gordan, its coach and agent and the person in charge of its business, a summons together with an attested copy of this writ."*

In *Zani v. Phandor Co.,* 281 Mass. 139, it is stated that a return showing service upon an agent is not a good service; that the return must show service upon an agent in charge of the business of the corporation. This the return explicitly did.

Upon the face of the writ and return a legal service was made. Therefore, the motion to dismiss will not lie. It it said in *United Drug Co. v. Cordley and Hayes,* 239 Mass. 334, 338, that motion to dismiss lies solely on the ground that upon the face of the writ and the officer's return there has been no legal service.

If we correctly understand what is said in *United Drug Co. v. Cordley and Hayes,* 239 Mass. 334, 338, the defendant, Cleveland Hockey Club, Inc., on the facts here, could show by plea in abatement and proper proof that it had no place of business in this Commonwealth or if it had a place of business that Gordan was not in charge thereof as its agent. The burden of proving the facts stated in the answer in abatement is upon the defendant and not upon the plaintiff. See *Tilden v. Johnson,* 6 Cush. 354, 359. We find in the report no statement that the defendant submitted any evidence showing that it had no place of business in the Commonwealth or that if it had, Gordan was not in charge thereof as its agent and therefore conclude that none was offered. We cannot know, as a matter of law, that the defendant was not a foreign corporation or that it did

not have a usual place of business in Massachusetts, or if it did, that Gordan was not an officer having charge of the defendant's business within the meaning of G. L. c. 223, §37. *Harriman v. Reading etc. St. Ry.*, 173 Mass. 28, 38. No evidence having been offered to impeach the officer's return, the trial judge was right in deciding that proper and legal service had been made upon the defendant, Cleveland Hockey Club, Inc.

There was no error on the part of the trial judge in denying both defendants' motions to dismiss, in disallowing both defendants' answers in abatement and ordering both defendants to file an answer in their cases.

█ It may not be out of place to note that the correctness of our interlocutory order affirming the action of the trial judge cannot be brought before the Supreme Judicial Court by appeal until final judgment in the trial court. *Weil v. Boston El. Ry.*, 216 Mass. 545, 546; *United Drug Co. v. Cordley and Hayes*, 239 Mass. 334, 336.

All the trial judge's rulings and orders as above set forth should be affirmed.

James C. Corcoran, of West Springfield, for the Plaintiff.

Thomas J. Donahue, of Springfield, for the Defendants.