*Western District*
No. 175448

## VALLEY BANK AND TRUST COMPANY

v.

## CHARLES A. MARREWA

Argued: March 22, 1967   Decided: May 10, 1967

*Present:* Garvey, P. J., Levine, J. and Allen, J.

*Levine, J.* This is an action of contract or tort to recover the sum of $13,150.53 plus interest, either as a balance due on a promissory note or as an unpaid balance on money allegedly obtained by the defendant by false representations made to the plaintiff in an application for a loan. The residence of the defendant is described in the writ as Riveredge, Bergen County, New Jersey. The defendant was served in hand at No. 31 Elm Street, Springfield, Mass. on January 4, 1964.

The defendant filed a plea in abatement al-

leging that service of process was made on him when he came to Springfield in response to an order to appear for a bankruptcy examination before the trustee in bankruptcy and the latter's counsel.

At the hearing on the plea in abatement, the reported evidence tended to show that the defendant filed a bankruptcy petition in the U. S. District Court for the District of Massachusetts on June 26, 1963, Case No. 472-63. The defendant was a resident of Massachusetts at the time. Subsequently, the defendant moved to New Jersey. The trustee in bankruptcy filed "Specifications of Objections to Discharge" in the bankruptcy matter which was to be heard by the referee in bankruptcy on January 10, 1964. The proposed hearing was continued generally by agreement between counsel for the trustee in bankruptcy and counsel for the defendant, and it was agreed that the defendant was to appear at the law office of counsel for the trustee on January 6, 1964 at 2:00 P.M. for examination in bankruptcy. The appointment was confirmed by letter to the defendant, who appeared at the appointed time and was examined by counsel for the trustee. In the course of this meeting, defendant was served with a summons in this action.

The plaintiff duly filed the following requests for rulings of law:

(1) The defendant has the burden of proof of the facts alleged in his answer in abatement.

(2) The defendant has failed to sustain the

burden of proving that he had come to Springfield in response to an order.

(3) The defendant has failed to sustain the burden of proving that his appearance in Springfield was at an extension of his first meeting of creditors.

(4) A trustee in bankruptcy has no power to order a bankrupt to attend an examination or hearing.

(5) A meeting of creditors of a bankrupt can be held only in the presence of a judge or referee in bankruptcy.

(6) The only authority of a trustee in bankruptcy to require a bankrupt to submit to an examination is a meeting of creditors, a court proceeding against the bankrupt (such as objections to discharge), or an examination under Section 21.a of the Bankruptcy Act, all of which must be before a judge or referee.

(7) The defendant, when served in this case, was not "attending court" within the meaning of *Diamond* v. *Earle*, 217 Mass. 499, 500.

The trial judge allowed request No. 1 and denied all the others as being inconsistent with or inapplicable to the facts found or rendered immaterial thereby.

The trial judge made the following findings of fact:

"In this action, the plaintiff brought suit against the defendant alleging the latter was of Bergen County, New Jersey. The writ was returnable in this court on January 27, 1964 and service was made on the defendant at 31 Elm Street, Springfield, Massachusetts on January 6, 1964. Prior to the date of service, the defendant had filed a Petition in Bankruptcy in the United States District Court for the District of Massachusetts. A hearing on "Specifications of Objections to Discharge" schedule for January 10, 1964 before the Referee in Bankruptcy had been continued generally at the request of Eugene B. Berman, Esq., Attorney for the Trustee. On January 2, 1964, Mr. Berman wrote to the defendant telling him to be at Mr.

Berman's office for an examination in Bankruptcy on Monday, January 6, 1964 and to bring with him all his records pertaining to his financial affairs. It was in response to this letter that the defendant appeared, and he was served in the case at bar. It is admitted that this appearance of the defendant was no part of an examination conducted under *Section 21.a of the Bankruptcy Act*. However, I do find that it was a part of the formal procedure conducted as required of the defendant by the Bankruptcy Act as administered by the Federal Court and as such he was immune from service of process from our Courts.''

The sole question before this court is whether the examination conducted by counsel for the trustee in bankruptcy was a part of the formal procedure under the Act that the defendant would be immune from civil process while in attendance here.

It has long been held in this Commonwealth that non-resident parties and witnesses who come into the state for attendance at court are immune from service of process. *Ex parte M'Neil,* 6 Mass. 245; *Wood* v. *Neal,* 4 Gray 538; *May* v. *Shumway,* 15 Gray 86; *Diamond* v. *Earle,* 217 Mass. 499.

The principle enunciated above also applied to persons attending a trial or hearing in the federal courts. *Stewart* v. *Ramsay,* 242 U.S. 128; *Page Co.* v. *MacDonald,* 261 U.S. 446. Similarily, hearings before a referee in bankruptcy are within this rule, which is absolute. *Morrow* v. *U. H. Dudley & Co.,* 144 Fed. 441 (Pa.); *Matthews* v. *Tufts,* 87 N.Y. 568.

Chapter 1 of the Bankruptcy Act entitled "Definitions", Section 1, Sub-section 9, pro-

vides that the word 'Court' shall mean the judge or the referee of the court of bankruptcy in which the proceedings are pending. The trustee is excluded.

We are of the opinion that the examination or hearing held on January 6, 1964 in the office of counsel for the trustee does not come within the provisions of § 7a of the Bankruptcy Act since it was not the first meeting of creditors, nor a hearing upon objections, if any, to the defendant's application for a discharge, nor a hearing ordered by the court. Furthermore, such examination or hearing does not come under the authority given to trustees under § 47 entitled "Duties of Trustees", Sub-section a.(7) of the Bankruptcy Act, which reads as follows: "Trustees shall ...... (7) examine the bankrupts (a) at the first meetings of creditors or at other meetings specially fixed for that purpose, unless they shall already have been fully examined by the referees, receivers, or creditors, and (b) upon the hearing of objections, if any, to their discharges, unless otherwise ordered by the court......" The trial judge found that the defendant's meeting with the attorney for the Trustee was "not part of an examination conducted under Section 21a. of the Bankruptcy Act."

It is apparent from the reported evidence that the examination or hearing held on January 6, 1964 in the office of the trustee's attorney was arranged by the attorneys for the respec-

tive interested parties and was not an examination or hearing ordered by the court or referee which would have stamped it a judicial proceeding.

We, therefore, conclude that the trial judge erred in sustaining the defendant's plea in abatement. **The order sustaining the plea in abatement is to be vacated and an order entered overruling the plea.**

GERALD R. HEGARTY
  of Springfield for Plaintiff
EARL ALBERT
  of Springfield for Defendant