CITIZENS BANK OF PARKER et al, Respondents, v.
WILLIAMS, Appellant.

(208 N. W. 829.)

(File No. 5751.    Opinion filed May 5, 1926.)

**Witnesses—Resident of Another State, Coming Within State Voluntarily to Testify, Held Immune from Service of Legal Process While So Engaged (Laws 1923, cc. 157, 158).**

Resident of state of Iowa, coming voluntarily to testify as a witness in a criminal action pending within the state, held immune from service of legal process while so engaged in view of Laws 1923, cc. 157 and 158, not depriving such a witness of his common-law immunity from service with legal process, where he leaves this state without unnecessary delay.

Note.—See, Headnote, American Key-Numbered Digest, Witnesses, Key-No. 5, Process, 32 Cyc. 492.

Privilege from suit of nonresident party attending as a witness, see note in 25 L. R. A. 721.

Appeal from Circuit Court, Turner County; Hon. L. L. FLEEGER, Judge.

Action by the Citizens' Bank of Parker and another against N. Williams. From an order denying defendant's motion to dismiss service of summons, he appeals. Reversed.

*E. O. Patterson,* of Washington, D. C., and *J. R. Cash,* of Bonesteel, for Appellant.

*Bogue & Bogue,* of Parker, for Respondents.

POLLEY, J. The defendant in this action is a resident of the state of Iowa. At the request of the state's attorney of Turner county, defendant came from his home in Iowa to Turner county to testify as a witness in a criminal action then pending in said Turner county. After his arrival in this state, he was served with a subpoena as a witness on behalf of the state in said action, and in obedience to such subpoena did testify as a witness in said action. After so testifying, but before he was excused as a witness, he was served with the summons and complaint in this action. He appeared specially, claiming immunity from service with legal process, and moved to dismiss the service of said summons on that ground. He appeals from an order denying such motion.

Prior to the enactment of chapters 157 and 158, Laws 1923, a witness coming voluntarily from another state, and where no unnecessary delay took place, was entitled to the immunity claimed by defendant (Malloy v. Brewer, 64 N. W. 1120, 7 S. D. 587, 58 Am. St. Rep. 856), and the only question involved on this appeal is whether chapters 157 and 158, Laws 1923, limited the right of immunity to witnesses who have been brought into the state under the provisions of these laws. Section 1, c. 158, Laws 1923, reads as follows:

"Section 1. *Petition—Hearing.* When a petition is filed in the office of the clerk of the circuit court upon the relation and oath of a prosecuting attorney in another state, which, by its laws, has heretofore or may hereafter make provision for commanding persons within its borders to attend and testify in a criminal action in this state, setting forth that there is a criminal action pending in the courts of such state wherein a person resides or being within the county wherein said court is held is a material witness for the state in such action, to which there is attached a certified copy of the indictment or information therein, a judge of said court shall issue an order fixing the time and place for a hearing

on said petition, which may be during a session of the court or in vacation, and thereupon the clerk shall prepare a notice requiring the said witness to appear before the said judge at the time and place specified in said order to make defense thereto and shall deliver the same to the sheriff of said county for service upon said person."

And section 3 provides that, if it be shown that such person is a material and necessary witness for the prosecution in said case, the court will enter an order directing said witness to go to the state where his attendance is required and testify in such criminal action. Section 1 of chapter 157, Laws 1923, reads as follows:

"Section 1. Any person who comes into this state in response to a subpoena for the purpose of testifying as a witness in a criminal action pending in a court of this state shall not be served with any papers or arrested, on account of or in connection with any cause of action arising or any offense committed before the time of such person's coming to this state as a witness, until such person shall have had reasonable time to leave this state after attending court and testifying as such witness."

It will be noted that these two laws are not applicable except where the state in which the desired witness is found has a law similar to chapter 158. The record in this case shows there is such a law in force in the state of Iowa, so that the provisions of these two laws are applicable to this case.

We find nothing in these statutes showing an intent on the part of the Legislature to deprive a witness who comes voluntarily from another state of his common-law immunity from service with legal process, where he leaves this state without unnecessary delay. Indeed it is only when a witness refuses to come voluntarily that it is necessary to invoke the provisions of chapter 158, and certainly a witness who refuses to come into the state until he is forced to come should not be granted greater privileges or immunities than one who comes voluntarily.

Whether a court of one state has power, under a statute similar to chapter 158, Laws 1923, to compel a witness to leave his own state and go to another state to testify in court, is a question not involved in this case, and upon which we carefully refrain from expressing an opinion.

The order appealed from is reversed.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.

CAMPBELL, J. (concurring specially). I think chapter 157, Laws 1923, is entirely correlative to chapter 158, Laws 1923, and that the word "subpoena" in chapter 157 must be construed as referring solely to the order contemplated by section 3, c. 158, entered by a foreign court in a state having a law similar to chapter 158, Laws 1923, ordering a witness residing or being in that state to attend and testify in a criminal case in South Dakota under pain of punishment by the foreign court if he fails so to do.

Chapters 157 and 158, Laws 1923, deal with an entirely new class of witnesses in criminal actions in this state, namely, those directed by a foreign court to appear and testify in this state. With the constitutionality of such statutes we are not here concerned. Certainly the enactment of those statutes dealing exclusively with witnesses compelled to this state by order of a foreign court should not be construed by implication as affecting in any manner the rights or privileges of the only class of witnesses coming from without the state to testify in a criminal action in the state previously known to our law, namely, those who came voluntarily. The Legislature has made no attempt to act with reference to this voluntary class, and their privileges and immunities should be held to remain as previously established by judicial decision in this state as set out in Malloy v. Brewer, 64 N. W. 1120, 7 S. D. 587, 58 Am. St. Rep. 856.

I concur in the view that the order appealed from must be reversed.